In the Matter of H——, an Attorney.

HENRY H. MORANGE, Appellant; ABRAM KLING, Respondent.

An attorney cannot refuse to go on with an action or proceeding because his client does not supply him with money, or by reason of any other difficulty, without running the risk of losing the benefit of the relation of attorney.

In case of such refusal it is within the power of the court to permit the substitution of a new attorney, and it is within its discretion to determine upon what terms it shall be done, and, among others, whether the judgment or order when obtained shall be chargeable with the fees of the original attorney.

(Argued June 28, 1883 ; decided October 2, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 17, 1883, which affirmed an order of Special Term substituting Abram Kling as attorney of record for the defendant in these proceedings, and authorizing him to collect costs awarded by the Court of Appeals.

These proceedings were instituted to punish H., an attorney, for alleged professional misconduct.

The Special Term granted the application; its order was affirmed by the General Term, and from such affirmance an appeal was taken to the Court of Appeals.

After the appeal to the Court of Appeals had been perfected, Henry H. Morange, who had up to that time acted as attorney and counsel for H., declined to argue the appeal. This refusal was produced by the omission of H. to pay for what had been done or to supply the money required to enable his counsel to proceed to Albany and make the argument. Upon this subject the following letter was written by Morange to H.:

"Under the circumstances I am constrained to notify you, both in justice to myself and to you, that I shall not proceed to the due preparation of the points to be used in the pre-

sentation of your appeal to the Court of Appeals, nor argue the same, unless I receive a satisfactory fee at once."

Another letter followed this on the 11th of October, 1881, containing the further statement from the counsel that the appeal would be on the calendar of the 18th, but he could not permit the points to be in any way used save on the payment of $50.

And on the 13th of the same month the following letter was written by the counsel to the party:

"After I left you I concluded from certain circumstances imperatively that I could not enter into the agreement proposed by you. You certainly will have ample time to get another lawyer to prepare and argue your appeal for you; you can easily explain it to him. I do not care to have another interview with you upon the ground, as you stated, of its unpleasantness. This evening and to-morrow will enable any lawyer to prepare points, and Saturday will be ample time to print.

"NEW YORK, *October* 13, 1881.

"Yours, etc.,

"HENRY H. MORANGE.

"I cannot afford it if I would."

H. then employed Mr. Kling to prepare and argue the appeal in the Court of Appeals, and, in form, assigned him the costs which might accrue on said appeal. Mr. Kling prepared and argued the appeal. The Court of Appeals reversed the order of General Term and awarded costs to the appellant. The case is reported in 87 N. Y. 521. The remittitur of the Court of Appeals was sent to Mr. Kling. Mr. Morange made a motion that said remittitur be delivered to him on the ground that he was still the attorney on record. The motion was denied, and on motion of Mr Kling he was substituted, as above stated.

*Henry H. Morange*, appellant, in person. The attorney was entitled to the remittitur and not the counsel. (Rule 4, Court of Appeals; Code of Civil Procedure, §§ 55, 3279.) There

is no such lien known to the law as a counsel's lien. (*Easton* v. *Smith*, 1 E. D. Smith, 230 ; rules of this court ; *Philips* v. *Stagg*, 2 Edw. Ch. 100 ; *Brown* v. *The Mayor*, 9 Hun, 587, 596 ; *Parker* v. *City of Williamsburg*, 13 How. 250 ; *Hoffman* v. *Nostrand*, 14 Abb. 336 ; *In re Paschal*, 10 Wall. 483 ; *Creighton* v. *Ingersoll*, 20 Barb. 542.) The lien of an attorney continues throughout and includes all the remedies open to the party. Hence it attaches to the money received or collected upon the judgment. (*Bowling Green S'v'gs B'k* v. *Todd*, 52 N. Y. 491, 492 ; *Matter of Knapp*, 85 id. 285.) While there is an attorney of record, no stipulation as to the condition or disposal of the action should be entertained by the court unless the same is signed or assented to by such attorney. (*B'd of Comm'rs* v. *Younger*, 29 Cal. 149 ; *Castro* v. *Bennet*, 2 Johns. 296.) The appellant, being the attorney of record when decision was rendered by this court, has a lien upon the costs awarded thereby, by virtue of section 66 of the new Code. (*Matter of Knapp*, 85 N. Y. 284, 295 ; *Brown* v. *Mayor*, 9 Hun, 596 ; *Creighton* v. *Ingersoll*, 20 Barb. 542, 543 ; *Gridley* v. *Garrison*, 4 Paige, 647.) The appellant's lien could not be defeated by attachment or assignment. (*Hollis* v. *Caridge*, 4 Taunt. 807 ; *Ex parte Bush*, 7 Vin. Abr. 74 ; *Ward* v. *Craig*, 87 N. Y. 550 ; 2 Kent, 641.) The costs awarded by this court must go to the attorney deemed by this court to be the attorney here in accordance with its rule 4. (*Matter of Livingston*, 34 N. Y. 582.)

*D. Clark Briggs* for respondent. When the appellant withdrew as the attorney in this proceeding no costs had accrued by reason of any labor which he had rendered, and his mere retainer as the attorney to defend H. gave him no lien for such costs as might be recovered. (Code of Civil Procedure, § 66.) The respondent, as an attorney of this court, procured the final order in favor of the appellant, and was entitled to his lien thereon for his services rendered, as well as by virtue

of his assignment of the costs. (*Coughlin* v. *N. Y. C. R. R.*, 71 N. Y. 448 ; *Matter of Knapp*, 85 id. 294.)

DANFORTH, J.   The Supreme Court adjudged that M. (the original attorney) was not entitled to the remittitur, and in substance, therefore, that he could have no further connection with the case as attorney.   No appeal was taken, and at a subsequent term of that court the respondent, upon notice, was substituted as attorney in place of M., and authorized to collect the costs in question.   From this order M. appeals.   Both orders were on the ground that M. had refused to go on with the case, or hold further intercourse with his client in regard thereto.   He was, therefore, so far as the case in hand was concerned, as one dead or disabled, and it was clearly within the power of the court to permit the appointment or substitution of a new attorney, and, cause for that having been shown, it was within its discretion to determine upon what terms it should be done (Rule 109, Sup. Ct.), and, among others, whether the judgment or order, when obtained, should be chargeable with his fees. (*Barker* v. *St. Quintin*, 12 M. & W. 451 ; *In re Paschal*, 10 Wall. 483.)   Assuming, however, with the appellant, that the lien of an attorney would, under ordinary circumstances, attach to the final decision in such proceeding (*Coughlin* v. *N. Y. C. & H. R. R. R. R. Co.*, 71 N. Y. 448 ; 27 Am. Rep. 75), it cannot now be claimed by him, for he refused to do the act which would have rendered a judgment in his client's favor possible, and so waived a right to which he might otherwise have become entitled, and if for services rendered before judgment there was an inchoate right of lien, it was lost by his unqualified abandonment of the cause.   In other words, he discharged himself, and in such a case it is clear that an attorney cannot leave his client in the middle of a matter, because he does not supply him with money, or by reason of any other difficulty, without running the risk of losing the benefit of that relation. (*In re Faithfull*, L. R., 6 Eq. 325 ; *Robins* v. *Goldingham*, 13 id. 440.)

The client's own interest was at stake in the proceedings in

question, and, upon the refusal of M. to act as his attorney, he could deal with the case as he chose. He could not, indeed, compel the attorney to render service. Nor, on the other hand, was he bound to submit to an adverse decision by reason of the attorney's default. There is nothing to show that M. was to blame for not going on with the litigation, but he refused to do so, and even suggested the employment of another lawyer. To this implied consent he attached no condition, and afterward, without success, invoked the equitable interference of the court in regard to the costs in question.

In the order appealed from there is no legal error, and it should be affirmed.

All concur, except ANDREWS, J., absent.

Order affirmed.