SOMERVILLE P. TUCK, RESPONDENT, *v.* JEROME F. MANNING, APPELLANT.

53  455.
1ap388
53  455
16ap130
53  455
42ap607

*Right to substitute an attorney — in place of another who refuses to act until his services are paid for.*

Upon an appeal from an order denying a motion made by a defendant for a substitution of attorneys, it appeared that the attorney had refused to go on with the defense of the case in question until his bill for services already rendered was paid.

*Held,* that as the defendant could not compel the attorney to render his services, and, on the other hand, was not bound to submit to an adverse decision by reason of the attorney's default, that the order appealed from should be reversed.

*Matter of H.* (93 N. Y., 381) followed.

APPEAL by the defendant from an order made at a Special Term held in the county of New York, which was entered in the office of the clerk of the city and county of New York on the 26th day of February, 1889, denying the defendant's motion for a substitution of attorneys in the above action.

*P. Carpenter,* for the appellant.

*W. J. Weldon,* for the respondent.

VAN BRUNT, P. J.:

We fail to see any distinction between the case at bar and the case of the *Matter of H——* (93 N. Y., 381). It is true that the court may, in a proper case, refuse substitution where the client refuses to compensate the attorney for services already rendered. But it is difficult to see how the position of the attorney for the defendant in this case can be justified in his absolute refusal to render any further services in the action, unless his bill for previous services is paid.

It is claimed upon the part of the respondent that the court will not direct a substitution of attorneys without protecting the attorney in his lien for his fees. Upon this proposition the Court of Appeals, in the case cited, say: " Assuming, however, that the lien of an attorney would, under ordinary circumstances, attach to the final decision in such proceeding, it cannot now be claimed by him for he refused to do the act which would have rendered a judgment in

his client's favor possible, and so waived a right to which he might otherwise have become entitled; and if, for services rendered before judgment, there was an inchoate right of lien, it was lost by his unqualified abandonment of the cause. In other words, he discharged himself, and in such a case it is clear that an attorney cannot leave his client in the middle of a matter, because he does not supply him with money, or by reason of any other difficulty, without running the risk of losing the benefit of that relation."

Applying the rule laid down to the case at bar, the attorney having refused to go on with the defense of the case in question without the payment of his bill for services already rendered, he, in the language of the Court of Appeals, has discharged himself as the attorney of the defendant, and the court is bound to substitute some person to look after his client's rights, and in order that he may be protected from, perhaps, an unjust judgment.

The defendant could not compel the attorney to render his services, nor, on the other hand, was he bound to submit to an adverse decision by reason of the attorney's default.

Applying these principles to the case at bar, it is clear that the defendant, in view of the attitude taken by his attorney, was entitled to a substitution, and there was nothing upon which any lien, as attorney, could attach, and that the only right which the attorney seeks to enforce is the right of the plaintiff to obtain judgment against his own client for want of a defense.

We think, therefore, that the order appealed from must be reversed and an order of substitution granted, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order reversed and order of substitution granted, without costs.