(27 Misc. Rep. 595.)

COOPER v. COOPER et al.

(Supreme Court, Special Term, New York County.   May, 1899.)

1. PARTITION—COSTS—EXTRA ALLOWANCE TO COUNSEL—REPAYMENT.
   An order in partition, directing $2,000 to be paid to plaintiff's attorney
   as an extra allowance, was made shortly after Laws 1898, c. 61, providing
   that in such suits, where no defense is interposed, allowances to any
   party shall not exceed $200, had gone into effect. *Held*, that the attorney
   may be required to return the difference between $2,000 and $200; and it
   cannot be claimed that the restitution should be made by plaintiff, because
   in form the allowance was made to him.

2. SAME—RESTORATION OF LIEN.
   Where plaintiff's attorney in partition is compelled to repay the greater
   part of an extra allowance granted him by the court, it will be on terms
   equivalent to a restoration of his lien on plaintiff's distributive share,
   where the attorney had consented to a substitution of attorneys, and there-
   by lost his lien, in reliance on the order of court granting him the allow-
   ance.

Action by John J. Cooper against Amelia Cooper and others. Mo-
tion to compel plaintiff's attorney to return a certain part of the
allowance made to him. Granted.

Louis Cohen, for plaintiff.

Franklin Bien, for Peter Eagan, referee.

SCOTT, J. This is an action for the partition of real estate. By
an order called a "final judgment," entered on September 28, 1898,
the report of sale was confirmed, and the referee was directed out
of the proceeds of the sale to pay the costs of the parties and cer-
tain sums by way of extra allowances. These allowances included the
sum of $2,000 to the attorney for the plaintiff, $400 to the attor-
ney for the defendant Magher, and to two guardians ad litem $350
and $375, respectively. On the 1st day of September, 1898, chapter
61 of the Laws of 1898 had gone into effect, whereby in actions for
partition, wherein no defense was interposed, allowances to any party
are limited to $200. The referee paid the allowances directed by the
order, including $2,000, to the plaintiff's attorney. On March 2, 1899,
a new attorney was substituted by order as attorney for the plaintiff.
Upon his application, after hearing the former plaintiff's attorney,
the order or judgment of September 28, 1898, was modified and
amended by striking out the allowance to the plaintiff's attorney
and the attorneys for the adult defendants, and giving to plaintiff's
attorney an allowance of $200, and reducing the compensation of the
guardians ad litem. The attorneys for the defendants and the
guardians ad litem have acquiesced in the modification of the order,
and have indicated their willingness to return to the referee the differ-
ence between the respective amounts they have been paid under the
order of September 28, 1898, and the amounts awarded to them by
the modified and amended decree of April 22, 1899. The former attor-
ney for the plaintiff, however, declines to return to the referee the
sum of $1,800, the difference between the original allowance to him
and the amount awarded by the amended order, and this motion is
made to compel him to do so. The original allowance of $2,000 was

expressly forbidden by statute at the time the order awarding it was made. Of course, the attention of the justice who signed the order or judgment of September 28th was not called to the amendment which had then just gone into effect, and, it is quite probable that none of the attorneys had noticed it. It was peculiarly the duty of the attorney.for the plaintiff to prepare the usual formal orders, and therefore it was his duty to keep himself informed as to the statutory provision affecting such actions. Of all the parties and attorneys engaged in the action he was peculiarly the one to keep the practice regular and in accordance with the provisions of the Code. The unauthorized allowances included in the order or judgment of September 28, 1898, must be attributed primarily to his oversight, and he is not, therefore, in a position to complain of the consequences that may flow therefrom.

I cannot accede to the proposition advanced by the attorney against whom this motion is directed that the restitution should be made not by himself, but by his client, the plaintiff, because in form the allowance was made to the plaintiff. To so decree would be unreasonable. The client has never received a penny of the money. The attorney has received it all, and the error by which it was directed to be paid was that of the attorney, and not of the client. In any event, it is not the plaintiff that is to be affected so much as the other defendants. The plaintiff is, of course, bound to properly compensate his attorneys; but the allowance of $2,000 came out of and proportionately diminished, not only his share, but that of the defendants. I cannot escape the conclusion that the attorney should repay to the referee the greater portion of the difference between the allowance erroneously granted and that provided for by the modified order, which has not been appealed from, and stands unreversed and unmodified. It appears, however, that the former plaintiff's attorney has consented to a substitution of attorneys, and has thereby lost any lien he may have had upon the plaintiff's distributive share, and he says, with apparent reason, that he thus consented in reliance upon his assumed right, then justified by an order of this court, to retain the $2,000 allowance which he had received. I do not understand that the small allowance now permitted in actions of this character constitutes a conclusive measure of the attorney's compensation as between himself and his client, but merely regulates the amount to be paid out of the common fund. If the attorney is required to repay the amount overpaid to him, it should be only under such terms as will .be equivalent to a restoration of his lien upon the plaintiff's distributive share of the proceeds of sale. In the present case the plaintiff's interest in the property consisted of an undivided one-fifth, so that the excess of allowance erroneously awarded would be paid one-fifth by the plaintiff and four-fifths by the other persons interested in the property. These other persons certainly are entitled to a return of the amounts erroneously received, and which, if retained, would reduce their shares. The attorney is entitled to retain the $200 allowance given by the amended decree. This amount is properly chargeable against the fund as a whole. He is also entitled to retain one-fifth of the difference between the two allowances, or the sum

of $360, that being the amount properly chargeable against the plaintiff's distributive share of the proceeds. This sum is payable to the attorney in preference to claims by creditors and lienors against the plaintiff's distributive share. This would leave the sum of $1,440, which the former plaintiff's attorney should repay to the referee. Upon paying that sum, the attorney may take an order of reference to the same referee heretofore appointed in the action to ascertain and report what additional sum, if any, should be paid him by his former client, the plaintiff, out of his distributive share in the proceeds of sale. The same order may provide that the referee may retain of the plaintiff's share a reasonable sum, say, $2,000, to meet the costs of such reference, and the amount which the referee may report, and the court approve, as proper additional compensations. I think this motion, in an action of this character, is properly made by the plaintiff's present attorney, and I have no doubt of the power of the court to order restitution.

Ordered accordingly.