COOPER v. COOPER et al. (three cases).

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. COURTS—JUDGMENT—COSTS—EXTRA ALLOWANCE.
  Under Code Civ. Proc. § 724, authorizing a court of record to amend or modify its judgment where it fails to conform to the provisions of the Code of Civil Procedure, a court granting an extra allowance to plaintiff's attorney, in its judgment for partition and sale of land, in excess of that authorized by Id. § 3253, as amended by Laws 1898, c. 61, had power to thereafter reduce such extra allowance.

2. SAME.
  A court has inherent power, independent of statute, to modify its judgments in furtherance of justice.

3. SAME—ATTORNEY AND CLIENT—REFUND—LIABILITY—RELEASE.
  Where a court granted an extra allowance to plaintiff's attorney in a suit for partition, in excess of the amount authorized by Code Civ. Proc. § 3253, as amended by Laws 1898, c. 61, authorizing an extra allowance not exceeding $200, the fact that he had retired from the case, and his successor had been substituted, and that his client had executed a general release to him of all claims and demands, constituted no defense to the court's order directing him to make restitution of the excess, since he held the same as an officer of the court.

4. SAME—ORDER TO SHOW CAUSE.
  Where the court erroneously granted plaintiff's attorney an extra allowance in its final judgment on partition of land, in excess of that authorized by Code Civ. Proc. § 3253, as amended by Laws 1898, c. 61, it was proper practice to apply to such court for modification of the judgment, and on modification, and failure of the attorney to refund the excess, to apply for an order to show cause why he should not make restitution, since such application gave the court jurisdiction to make the same.

5. SAME—ATTORNEY'S COMPENSATION—APPEAL—REVIEW.
  Since an attorney in partition proceedings is entitled to a lien on his client's share of the proceeds of a sale of the land to secure payment of his fees, where no appeal was taken by plaintiff or any of the parties to the partition proceeding from an order reducing an extra allowance granted to plaintiff's attorney in such final judgment, an objection to the amount which the attorney was entitled to retain for his services from the proceeds of his client's share of the fund arising from a sale of the property could not be reviewed.

6. SAME—PARTITION—ATTORNEY'S LIEN—REFEREE—RETENTION OF PROCEEDS.
  In partition proceedings, it was proper for the court to direct that a sum should be retained by the referee to discharge the lien of plaintiff's attorney for whatever compensation he was entitled to above the amount received by him as an extra allowance.

7. SAME—INTERVENING CREDITOR'S RIGHTS.
  Where, after an order reducing an extra allowance to plaintiff's attorney in partition proceedings, and requiring him to refund a portion of the money received, certain of plaintiff's creditors intervened, they were not entitled to contest an order directing the referee in partition to retain a sufficient sum from plaintiff's distributive share to satisfy the attorney's lien for compensation, since such creditors were only entitled to plaintiff's distributive share after the attorney had been paid, and, he having been required to make restitution of part of the amount received, it was proper to decree a revival of his lien to satisfy the amount to which he was entitled for compensation.

Appeal from special term, New York county.

Action by John J. Cooper against George W. Cooper and others. From an order reducing an extra allowance directed to be paid to Peter Eagan, plaintiff's former attorney in the action, he appeals,

and from an order directing such attorney to make restitution of the excess of such extra allowance, and directing the referee to retain from the amount of plaintiff's share of the proceeds of a sale of land on partition a sum sufficient to satisfy such attorney's claim for services (59 N. Y. Supp. 86), Eagan, George W. Cooper, and another, judgment creditors of John J. Cooper, interveners, appeal. Orders affirmed.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, Mc-LAUGHLIN, and INGRAHAM, JJ.

Franklin Bien, for appellant Peter Eagan.

S. Feuchtwanger, for appellants George W. Cooper and others.

Louis Cohen, for respondents.

HATCH, J. This action was brought by one of the heirs of George W. Cooper for a partition and sale of certain premises in which the parties to the action were interested. The action proceeded to final judgment, under which a sale of the premises was ordered. Upon the application for final judgment the court made an extra allowance, in addition to the taxable costs and 'disbursements, to the plaintiff's attorney of $2,000. Subsequently the present attorney became substituted as attorney for the plaintiff herein, and thereupon made a motion to modify the judgment by reducing the extra allowance awarded to the former attorney to the sum of $200. This motion was granted, and from the order entered thereon the attorney appeals.

It is not contended but that the extra allowance in excess of the sum of $200 was beyond the power of the court to make. Section 3253, Code Civ. Proc., as amended by chapter 61, Laws 1898. The attorney claims, however, that the modification was beyond the power of the court to make, and that it had no power in the premises which it could properly exercise. This contention cannot be sustained. By express provision of law the court is authorized at any time within a year to amend or modify a judgment where it fails to conform to the provisions of the Code of Civil Procedure (section 724). In the present case the judgment, in the respect mentioned, did not comply with the provisions of the Code, and consequently the right to amend is brought within the express provision of the section cited. If, however, there was no express provision of law authorizing the amendment or modification, nevertheless, as there is no prohibition of the exercise of the power, the court possessed the inherent right to make a modification. Courts have always had control over their own judgments, and, in the absence of some express prohibition limiting the power, may deal with them so that what is right and just may be done. In re City of Buffalo, 78 N. Y. 362. So that in either event the court was possessed of ample power to make the modification which was asked, and in the interest of justice its interposition was required.

It is further objected, however, that at the time when the application was made the attorney for the plaintiff had no connection with the case, that another attorney had been substituted in his

place, and that plaintiff had also executed to him a general release of all claims and demands. It is clear that the money in excess of the sum which the plaintiff's attorney was authorized by law to receive was paid to him for his compensation as an attorney, and, unless there was some authority in law, while he would not be authorized to retain the same to his own use, he would hold it as attorney, subject to the direction of the court. It did not become his property, but belonged to the parties to the action, in proportion to the amount to which each was entitled, which was measured by the extent of each interest in the property partitioned. Occupying this relation, and being without right to retain the money, the attorney's custody was the custody of the court; and it possessed authority to make valid direction in respect thereto, which was binding upon the attorney. In re H———, an Attorney, 87 N. Y. 521; Schell v. City of New York, 128 N. Y. 67, 27 N. E. 957; Barkley v. New York Cent. & H. R. R. Co., 42 App. Div. 597, 59 N. Y. Supp. 742. The application was properly made in the action. It was first necessary to procure a modification of the judgment, and, this being modified, it became the duty of the attorney to refund the excess of the moneys which he held for the benefit of those entitled thereto. Upon his failure to comply with the modification, the proceeding which ordered him to show cause why he should not make restitution of such moneys was proper, and gave the court jurisdiction to make the order directing restitution. Of course, as against the plaintiff in the action, the attorney became entitled to have and receive what his services were reasonably worth, and, as his compensation was presumably satisfied by the extra allowance; when that failed he became entitled to resort to his client's share of the proceeds of the property to discharge whatever obligations might fairly exist. The court in this order has made provision for the sum which the attorney is entitled to retain as matter of right upon the present proof, and as neither the plaintiff, nor any of the other parties excepting those hereinafter mentioned, have appealed from such order, no objection can be heard in respect thereto. It was proper to cause to be reserved in the hands of the referee a sum sufficient to discharge whatever the fair compensation, if any, of the attorney may be over and above what he had received. In this respect the order granted guards every right of the attorney, and upon no just ground can he be heard to complain of it or of any of its provisions. It follows that the orders, so far as the attorney appeals, should be affirmed.

So far as the appeal of George W. and William H. Cooper is concerned, it appears that they were judgment creditors of the plaintiff. The amount of their judgment more than equaled the plaintiff's distributive share. They were not served with notice, nor did they appear upon either of the motions which resulted in the orders already mentioned. Upon application to the court, they asked and were granted leave to intervene and be heard upon the merits of the last order. This was all the relief which they asked. After such hearing, the court denied their application to modify the order. Such determination was proper. They only become entitled

to plaintiff's distributive share in the action after the attorney had
received his compensation, and as long as he remained attorney he
had a lien. When he ceased to be attorney, and settled with the
plaintiff, he lost his lien; but, as he has been required to make
restitution of part of the moneys which he received, it was not only
proper, but just, to condition in such order the revival of the lien,
and direct the retention of sufficient moneys in the hands of the
referee to satisfy it in case it be established. This subordinates any
right which the judgment creditors possessed in the fund to the lien
of the attorney, and this was their relative position so long as the
attorney occupied such relation to the action.

It follows, therefore, that the conclusion reached by the court
was correct, and the orders should be affirmed, with $10 costs and
disbursements to the respondent in each case. All concur.