(35 Misc. Rep. 568.)

## FARGO v. PAUL.

(Supreme Court, Special Term, Saratoga County. July, 1901.)

ATTORNEY'S LIEN—FORFEITURE.

    Where, after a verdict is obtained, and set aside on appeal, the attorney notifies his client that he will not continue the case unless a payment for his services is then made, he discharges himself on failure of his client to pay, and cannot prevent the substitution of another attorney whom his client subsequently retains, and who obtains a verdict, with costs, in order to enter judgment on the ground of his lien for costs, as by refusing to act he terminated the relation of attorney and client and forfeited his lien.

Action by James C. Fargo against George R. Paul. Motion for substitution of attorneys. Granted.

J. W. Shea, for the motion.
C. A. Kellogg, opposed.

HOUGHTON, J. Upon the first trial the jury rendered a verdict for the defendant. The trial judge set this verdict aside as against the weight of evidence. An appeal was taken by the defendant to the appellate division, and the order setting aside the verdict was sustained. George W. Fuller was attorney for the defendant, and Hon. Charles A. Kellogg had acted as counsel both upon the trial and upon the appeal. The new trial ordered by the trial judge having been sustained by the appellate division (67 N. Y. Supp. 1132), and the defendant's attorney and his counsel having paid out more money than they had received, they refused to act upon the second trial unless the defendant should pay something on account. The defendant promised to pay $200, was unable to raise it, or did not do so, and the defendant employed other counsel to try the cause, and the trial resulted in another verdict for the defendant. The costs of the two trials and of the appeal are therefore taxable against the plaintiff, and amount to a considerable sum. The defendant asks

that the counsel who conducted the last trial be substituted as attorney in place of Mr. Fuller, for the purpose of entering judgment and taxing the costs. The former attorney for the defendant objects to this and refuses to sign stipulation. This is a motion for such substitution. I think it would be just and right that the former attorney and counsel should have a part of the costs to be taxed, and I would make the order conditioned upon that if I had the power so to do; but, the former attorney having refused to act in the midst of the litigation, he discharged himself and thereby lost any lien for services which he may have had upon any judgment ultimately obtained. Halbert v. Gibbs, 16 App. Div. 126, 45 N. Y. Supp. 113; Tuck v. Manning, 53 Hun, 455, 6 N. Y. Supp. 140. If there had been a judgment in his client's favor, the position of the attorney might have been different; but, at the time he withdrew from the case because of the nonpayment of money for services and disbursements, there was no judgment in favor of the defendant, and there was simply an action pending against him in which he (the defendant) had received a verdict, which was set aside. In order that any judgment should accrue in favor of the defendant, there must be another trial, and he must succeed. That has come to pass. When the defendant made arrangements with counsel who conducted the last trial, the papers show that he entered into an agreement with him that he should have all taxable costs and disbursements in case a judgment entitling him to take the same should be obtained. The cause was tried in May last. In the February preceding, Fuller wrote a letter to the defendant, saying that unless $200 was paid by the 20th of that month he should notify the attorney upon the other side that the connection of himself and counsel with the case was at an end, and that henceforth papers must be served upon the defendant himself, and the letter would be a notice, as well, that on that day, unless the money was paid, he would drop the case of the defendant. This was such an unqualified withdrawal from the case that it comes squarely within the cases above cited, and I think I am bound to grant the order without condition, and the former attorney must look to his client for such compensation as he may be entitled to. In the case of Tuck v. Manning, supra, the court says:

"Assuming, however, that the lien of an attorney would, under ordinary circumstances, attach to the final decision in such proceeding, it cannot now be claimed by him for he refused to do the act which would have rendered a judgment in his client's favor possible, and so waived the right to which he might otherwise have become entitled; and if, for services rendered before judgment, there was an inchoate right of lien, it was lost by his unqualified abandonment of the cause. In other words, he discharged himself, and in such a case it is clear that an attorney cannot leave his client in the middle of a matter, because he does not supply him with money, or by reason of any other difficulty, without running the risk of losing the benefit of that relation."

Of course, the attorney would have no lien upon the judgment which his client might obtain upon the matter in controversy, unless the relation of attorney and client existed.

For the reasons above given, and because I have no discretion in the matter, but am bound by the facts and the law applicable to them,

as I view it, the motion is granted, substituting J. W. Shea as attorney for the defendant, and George W. Fuller is ordered and directed to deliver to said Shea the papers necessary to form the judgment roll and for the ascertainment of costs, without any provision allowing said Fuller any pay therefor. Motion granted.