HOFFSTAETTER v. SCHINKEL et al.   (No. 7446.)

(Supreme Court, Appellate Division, First Department.   June 4, 1915.)

ATTORNEY AND CLIENT ⬥⟳180—COMPENSATION—NOTICE OF LIEN.

Plaintiff instituted an action through respondent, and before trial there was a substitution of attorneys, respondent's written consent being filed. After plaintiff recovered, respondent filed notice of an attorney's lien and brought an action to establish and foreclose his lien. Plaintiff and respondent differed as to how the change in attorneys came about. *Held*, that the notice of lien would not be vacated on a summary motion by plaintiff, as the matter could be adjudicated in the action pending, and particularly as it might be of evidential value in the suit.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 390–392; Dec. Dig. ⬥⟳180.]

Appeal from Special Term, New York County.

Action by Lillian E. Hoffstaetter against Charles G. Schinkel and others, as executors. There was a judgment for plaintiff, and Bernard I. Finkelstein served notice on defendants of an attorney's lien. From an order denying plaintiff's motion to vacate the notice of the lien, she appeals. Order affirmed.

See, also, 156 App. Div. 941, 141 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

William Copeland Dodge, of New York City, for appellant.
Hunter L. Delatour, of Brooklyn, for respondents.

HOTCHKISS, J.   The plaintiff, Hoffstaetter, by the respondent, Mr. Finkelstein, as her attorney, brought this action against Schinkel and others, as defendants. At a certain stage of the action, and before judgment, the respondent consented to the substitution of another attorney in his place and stead, and the action was by this new attorney successfully prosecuted to judgment. On or about March 8, 1915, the respondent served on the defendants herein a paper, entitled in this action, and in which he gave notice that he claimed a lien "against the moneys due" to the plaintiff under the judgment to the amount of 50 per cent. thereof, in addition to $107.32 out of pocket disbursements. On the 24th day of March, 1915, the respondent commenced an action against the plaintiff and the defendants to establish and foreclose his lien, which action is now at issue, undetermined. After the commencement of the foreclosure action plaintiff moved to vacate the notice of lien and for an order decreeing that no lien existed, which motion was denied, and plaintiff appeals.

The parties are not agreed as to the circumstances under which respondent ceased to represent plaintiff as her attorney. Respondent says that it was because the plaintiff refused to provide him with moneys necessary for the employment of certain expert witnesses whose testimony he deemed essential to success; that he at no time refused to continue to act as the plaintiff's attorney, but that, having warned her that she was incurring a great risk because of her failure to provide him with fees for the aforesaid purpose, plaintiff announc-

⬥⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ed her determination not to "continue any further with the case," and demanded that all of the papers be turned over to her, to which demand respondent acceded, and thereupon he delivered to the plaintiff his consent in blank for the substitution of another attorney in his place and stead. Respondent does not say, however, that at this time he asserted any lien, or that there was then reserved any stipulation with respect to a lien. The plaintiff's story is that respondent without apparent cause refused to proceed with the action and requested her to get another attorney, and to that end delivered to her the consent for substitution.

It is not necessary for us to determine which of these conflicting statements is true. On her theory of the facts, plaintiff asserts that whatever lien the respondent might have had upon the fruits of the action, had he continued to be her attorney of record, was ipso facto lost when he consented to substitution without asserting a lien. See rule 10 of General Rules; Cooper v. Cooper, 27 Misc. Rep. 595, 596, 59 N. Y. Supp. 86, affirmed, 51 App. Div. 595, 64 N. Y. Supp. 901; Fargo v. Paul, 35 Misc. Rep. 568, 570, 72 N. Y. Supp. 21. Also that such unconditional consent to the substitution of another was inconsistent with an intent to retain any lien and hence was an implied waiver. See cases cited in Matter of Heinsheimer (Ct. of App., March 23, 1915) 108 N. E. 636.

By her motion below the plaintiff seeks to have, not only the facts, but the questions of law arising thereon, determined in her favor. I do not think this should be done in this summary proceeding. Every question involved can be determined in the respondent's action to enforce his lien, in which action his notice of lien may be of value as evidence, for which purpose, at least, the notice should be allowed to stand for what it is worth.

The order should be affirmed, with $10 costs and disbursements. Order filed. All concur.