EGAN, Respondent, v. WAGGONER, et al, Appellant.

(170 N. W. 142).

(File No. 4434. Opinion filed Dec. 31, 1918).

(1).  Attorney and Client—Contingent Fee Contract—Subcontract for Division of Fee—Disbarment of Subcontractee, Effect.

Under a contract between defendant law firm with C to prosecute for him a damage suit for personal injuries, in consideration of a contingent fee of 50% of net amount finally collected, and a subsequent contract between said firm and plaintiff for a division with him of said contingent fee, in consideration of his assisting said firm in the performance of the original contract; C having recovered judgment for damages,

all said attorneys having continued in full performance of their duties under such contracts up to and including preparation and filing of respondent's brief upon appeal to Supreme Court from the judgment, plaintiff having suffered disbarment as an attorney at law soon after filing such brief, defendants having appeared upon oral argument on the appeal, lower court having been affirmed, defendants having prepared, and presented to Supreme Court an answer to a petition for re-hearing, it being denied, defendants having then received the contingent fee out of satisfaction of judgment; **held,** that trial court, in a suit by the present plaintiff for one-half of the contingent fee improperly directed verdict for plaintiff; that the undertaking between plaintiff and defendant law firm amounted to a joint adventure, embracing rights and duties of parties very like those of partnerships, that upon entry of decree of disbarment his said contract of employment as an attorney was annulled, such annullment having been brought about by his own wrongdoing, and therefore as much a voluntary annullment of his contract of employment as though he had expressly refused to perform, therefore he was not entitled to any compensation for services rendered by said law firm thereafter in performance of those duties plaintiff had contracted to assist in performing.

**(2).    Attorney and Client—Contract for Fees—Disbarment, Disability From, Effect re Contract.**

Any disability which renders a contract for legal services impossible of performance, annuls the contract. So **held,** in determining effect of disbarment of plaintiff, upon his contract with another law firm for division of a contingent fee in consideration of assisting them in a pending suit.

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Action by George W. Egan, against L. E. Waggoner and B. O. Stordahl, co-partners as Waggoner & Stordahl, to recover upon a contract for division of a contingent fee in consideration of performance of legal services. From a judgment for plaintiff, upon directed verdict, and from an order denying a new trial, defendant appeals. Reversed.

*Wagner & Danforth,* for Appellants.
*Muller & Conway,* for Respondent.

(2) To point two, Appellant cited:

Baxter v. Billings, 83 Fed. 790, (8 C. C. A.); 6 C. J. 676, Section 190; Noyes v. Graham, 15 Lea (Tenn.) 57; Justice v. Leary (Ind.), 49 N. E. 459.

WHITING, P. J.  Defendants were retained by one C. to prosecute a claim for damages arising from personal injuries. They entered into written contract, under which they undertook to prosecute such claim to final termination for a contingent fee of 50 per cent. of net amount finally collected.  Defendants then entered into a written contract with plaintiff, then a duly licensed attorney, whereby he undertook to assist them in the performance of the first-mentioned contract, and, in consideration therefor, was to receive one-half of the fees that would come to them under such prior contract.  This latter contract was approved by C., all parties proceeded under such contracts, and a judgment for C. was obtained in circuit court.  Appeal was taken to this court, and all parties continued in full performance of their duties under such contracts, up to and including the preparation and filing of respondent's brief in this court.  Soon after the filing of such brief, respondent was by the judgment of this court disbarred as an attorney at law.  In re Egan, 37 S. D. 159, 157 N. W. 310.  Thereafter defendants appeared in this court upon the oral argument of C.'s case.  The judgment of the lower court was affirmed.  Clinkscales v. Wisconsin Granite Co., 38 S. D. 205, 160 N. W. 843.  Defendants prepared and presented to this court an answer to a petition for a rehearing.  The rehearing was denied.  The judgment was then paid, and defendants received and have retained 50 per cent. of the amount recovered.  Plaintiff demanded one-half of said amount retained by defendants, and, being refused same, brought this action to recover such one-half, basing his action upon the contract.  Verdict for plaintiff was directed by the trial court. From the judgment entered on such verdict, and from an order denying a new trial, this appeal was taken.

[1] The sole question which we are called upon to determine is whether, having failed to carry out the full terms of his contract with appellants, respondent was entitled to receive the full amount contracted for.  As held in Senneff v. Healey, 155 Iowa, 82, 135 N. W. 27, 39 L. R. A. (N. S.) 219, the undertaking of these parties amounted to a joint adventure, carrying with it the rights and duties of parties to a joint adventure which are very like those of partners.  Gamble v. Loffler, 28 S. D. 239, 133 N. W. 288.  Respondent contends that the facts of this case bring it

within the reasons for the holding in the Senneff Case. That case was on all four's with this, except that the party who was prevented from performing his duties as attorney under such contract was prevented by death and not by disbarment. His death occurred at practically the same stage in the litigation he had contracted to care for as did respondent's disbarment in the litigation he had contracted to care for. The court held his personal representative entitled to the whole amount which he would have been entitled to, if he had lived and performed in full his part of such contract. But this decision is placed squarely upon the law controlling the rights of the representatives of a deceased partner, as against the surviving partner. But in Denver v. Roane, 99 U. S. 355, 25 L. Ed. 476, it was held that, where one of a law firm refused to perform the function of a partner in connection with certain litigation intrusted to his firm, he is not entitled to any part of the fees subsequently earned by his partners in the cause; this decision being based on the proposition that the refusal of a partner to act is a repudiation of the partnership. In Justice v. Lairy, 19 Ind. App. 272, 49 . E. 459, 65 Am. St. Rep. 405, the record disclosed that one member of a law firm became circuit judge. The court said:

"By his own act he placed himself in a position where he could render his client no further service whatever. He could receive no further fees either directly or indirectly. He severed his connection with the case absolutely and lost any right to any fees in the case under his original employment from that time on."

[2] Any disability which renders a contract for legal services impossible of performance annuls the contract. 6 C. J. 676; Corson v. Lewis, 77 Neb. 446, 109 N. W. 735.

It follows that immediately upon the entry of the decree of disbarment, every contract of employment as attorney, entered into by respondent, was annulled. Such annulment was brought about by his own wrongdoing, and was therefore as much of a voluntary annulment of his contract of employment as attorney as though he had expressly refused to perform such contract, or had accepted an office which disqualified him to perform his contract. Having annulled his contract, he certainly was not entitled to any compensation for services rendered by appellants thereafter in the performance of those duties which he had contracted to assist in performing.

The trial court erred in directing a verdict herein. The judgment and order appealed from are reversed.