## VILLAR & CO., Inc., v. CONDE.

Circuit Court of Appeals, First Circuit. February 9, 1929.

No. 2269.

Leopoldo Feliu and R. Cuevas Zequeira, both of San Juan, Porto Rico, for appellant.

Nelson Gammans, of New York City (F. Soto Gras, of San Juan, Porto Rico, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. February 6, 1923, the plaintiff brought an action on two notes for $7,500 each, which the defendant, Conde, had given to one Mendia, who had indorsed them over to the plaintiff. The defendant filed an answer denying liability and, among other things, set up a discharge in bankruptcy. He also filed a counterclaim for $17,500 for breach of contract for personal services, he having been discharged before the term fixed in the contract had expired. He also presented a claim for damages as for libel.

In the District Court of San Juan, where the action was brought, the plaintiff obtained a judgment on the notes for $15,000 and interest, and the defendant had judgment in

the sum of $17,500 for breach of the contract for services. The claim for damages as for libel was held not to have been proved. Both parties appealed to the Supreme Court of Porto Rico.

In the Supreme Court the judgment against the defendant on the notes was vacated, and the judgment against the plaintiff on the counterclaim was affirmed. It is from these judgments that the plaintiff appeals to this court.

In its assignments of error the plaintiff complains: (1) That the Supreme Court erred in reversing the judgment on the notes, but it did not assign any ground therefor; (2) that it erred in affirming the judgment for $17,500 for breach of the contract by ruling that the plaintiff, the employer, had the burden of proving that the defendant, the discharged employee, obtained employment or could have done so during the balance of the term of the contract; and (3) that it erred in failing to weigh evidence to the effect that the defendant began to act as manager for another corporation "three months after ceasing as manager of Villar & Co., Inc."

As to the action on the notes, it appeared that they were given on or about January 1, 1921, the first being payable on January 2, 1922, and the other on January 2, 1923, both without interest; that, after these notes became due, payment was demanded and liability denied on grounds unnecessary to mention; that thereafter on July 5, 1922, Conde filed a petition in bankruptcy and was adjudged a bankrupt on July 21, 1922; that the two notes were not scheduled; that Villar & Co., Inc., had actual notice of the bankruptcy proceedings during their pendency and opportunity to prove its claim, but did not; and that on November 7, 1923, Conde received his discharge in bankruptcy.

The assignment of error relating to the judgment of the Supreme Court as to the notes is too general to raise any question for the consideration of this court. The plaintiff, however, under this assignment, has argued in its brief that the Supreme Court erred in holding that the discharge in bankruptcy was a defense to the suit (1) because it spoke of the obligation on the notes as "extinguished by Conde's discharge"; and (2) because of the fact that Conde did not include the notes in his schedules in the bankruptcy proceedings.

These objections are without merit. As a defense to the notes the discharge was a valid one, for by it the plaintiff lost its remedy to enforce the notes, even though their obligation was not extinguished. As to the objection that the notes were not included in the bankruptcy schedules, the answer is that the plaintiff, the creditor, had actual knowledge or notice of the bankruptcy and might, if it had seen fit, have proved its claim therein. Bankruptcy Act July 1, 1898, § 17 (11 USCA § 35); Hill v. Smith, 260 U. S. 592, 43 S. Ct. 219, 67 L. Ed. 419.

As to the right of action under the counterclaim, it appeared that on December 3, 1920, Conde, who was then carrying on a business under the name of Villar & Co., Sucr., entered into a contract with one Mendia whereby he sold to Mendia for the benefit of a corporation to be organized certain real estate and the good will of his business, including his rights in certain agencies, and agreed to give his services at a fixed salary for five years to such corporation. The paragraph of the contract relating to this matter reads: "Carlos Conde, on his part, agrees and binds himself to render his personal services as director or manager of the corporation which may be formed and to which the agencies and commissions mentioned in the preceding clause are granted, for a term of five years, for a salary of $6,000 per annum, it being understood that said services are rendered with relation to the business now granted and with other businesses which during its term of life the said corporation may realize."

It further appeared that on January 31, 1921, a certificate of incorporation for Villar & Co., Inc., was filed and that at the first meeting of the incorporators it was agreed to accept for the corporation the contract, the corporation being substituted in the place of Mendia; that a certificate for a few shares of stock was issued to Conde, which he indorsed in blank and then delivered to Mendia; that Conde was appointed general manager by resolution of the board of directors; and that some two years later, at a meeting of the directors held on January 3, 1923, he was discharged as manager without cause.

The Supreme Court ruled that "Mendia and Conde could contract for the benefit of a third person, actually then nonexistent, if that person accepted the contract," and found that the corporation by its subsequent acts ratified and confirmed the contract. In ruling that a corporation may adopt and become bound by a contract entered into by promoters in its behalf the court did not err. Whitney v. Wyman, 101 U. S. 392, 396, 25 L. Ed. 1050; Gardiner v. Equitable Office Bldg.

Corp. (C. C. A.) 273 F. 441, 445, 447, 448, 17 A. L. R. 431; In re Super Trading Co., Inc. (C. C. A.) 22 F.(2d) 480, 482.

As Conde was discharged without right and before the term of his contract had expired and would have been entitled to receive $17,500 had he been permitted to render the service therein called for, he sought under his counterclaim and was allowed to recover that sum as damages. The Supreme Court ruled that when an employee is discharged from employment he is prima facie entitled to compensation for the whole period of his contract and that it rested on the employer to show that the employee did or could have obtained other employment, and that as Villar & Co., Inc., failed in this respect Conde was entitled to recover $17,500.

The plaintiff, Villar & Co., Inc., contends that the applicable provision of the Civil Code of Porto Rico bearing on this question, and which corresponds to article 1101 of the Spanish Civil Code, is article 1068 (Comp. St. 1911, § 4164); that this article reads, "Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby;" that the Supreme Court of Spain, in construing this article of the Spanish Code, has held that in an action "for damages for which those violating their obligations are liable, it is not enough to prove the violation of the contract but it is also necessary to prove the actual and positive existence of the damages, since the latter do not always flow, nor can they be always appreciated"; and that, because of this, mere proof of the alleged contract and its breach in the instant case was not sufficient, and that to entitle Conde to substantial damages he was required to go further and show how and in what amount he was damaged. But it is a sufficient answer to this contention that the Supreme Court of Porto Rico in July, 1915, nearly 14 years ago, in Hardouin v. Krajawsky-Pesant Co., 22 Porto Rico, 641, in construing this article of the Code held that "the measure of damages sustained by reason of failure on the part of an employer to comply with a contract for services is, prima facie, the compensation stipulated in the contract, subject to reduction upon proof by the defendant as to the amount the employee did gain or could have gained during the time the contract remained in force"; that the construction of this article of the Code is a matter of local law; and that this construction, after 14 years of recogni-

tion, having been now reaffirmed by the Supreme Court, this court will not interfere. It surely is not clearly wrong. Succession of Garcia v. Hermandez (C. C. A.) 270 F. 455, and cases there cited. On this issue it did not appear and was not found that any sum was or could have been earned by Conde that should be applied in mitigation of the damages.

It is further argued, although the point was not taken in either of the courts below or assigned here, that the defendant, Conde, could not maintain his counterclaim on the ground that the right of action vested in the trustee in bankruptcy. We do not regard ourselves called upon to consider this question, but we cannot refrain from saying that it is frivolous and without merit. The contract, for the breach of which the counterclaim was brought, had not been broken at the time the petition in bankruptcy was filed. It was then an uncompleted and unbroken contract for personal services involving trust and confidence. Under these circumstances neither the contract nor the right of action passed to the trustee. 3 Remington, §§ 1231, 1269, 1266.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the appellee.