THEODORE DUDAR, Respondent, *v.* MILEF REALTY CORPORATION and Others, Defendants.

JAY S. JONES and Another, Comprising the Firm of ELLIOTT, JONES & FANNING, Appellants.

First Department, November 29, 1929.

*Thomas A. Shaw,* for the appellants.

*Victor Deutsch,* for the respondent.

FINCH, J. This is an appeal by attorneys from an order denying to them and to a disbarred attorney, for whom they were substituted, a lien for services. Appeal is also taken from an order denying a motion for reargument.

The plaintiff, by George A. Colvin, attorney, brought an action for damages for personal injuries due to the alleged negligence of the defendant. Thereafter plaintiff substituted as his attorney one

Rothbard on a contingent contract to pay him one-third the amount of any recovery. Subsequently Rothbard was disbarred (for his activities in so-called ambulance chasing) after he had performed some services in the prosecution of this action. Upon the recommendation of Rothbard, the plaintiff retained the appellants as his attorneys upon a contingent fee of one-third of any amount recovered. The latter attorneys entered into an agreement with Rothbard to divide this fee with him.

Despite the contention here made that the purpose was to compensate Rothbard for the reasonable value of the services already rendered by him prior to his disbarment, the record in this case clearly shows that after his disbarment Rothbard took this case to the appellants and made an agreement with them to split their share in any recovery. This interest was in no way limited by the reasonable value of the services which Rothbard had performed. Even assuming that Rothbard would be entitled to any compensation where he had made an entire contract with his client to take a percentage of any amount which Rothbard should recover, and which contract he was unable to perform because of his own wrongful acts, nevertheless the agreement here sued upon was not for the reasonable value of such prior services. It thus appears that an agreement was made by the appellants after Rothbard had ceased to be a member of the bar, that in consideration of his turning over to the appellants this case the appellants would divide with him the contingent fee which they might receive. This is directly in contravention of subdivision 2 of section 274 of the Penal Law (formerly section 74 of the Code of Civil Procedure) as construed in *Matter of Clark* (184 N. Y. 222), holding that " Section 74 of the Code of Civil Procedure, prohibiting attorneys or counselors from procuring retainers by offering or giving any valuable consideration therefor, not only prohibits them from giving it to a desired client for the purpose of obtaining his claim to bring suit upon, but also from paying or agreeing to pay any layman, out of the prospective profits of cases, for services in inducing desired clients to place their claims in the attorney's hands for enforcement." (See, also, *Matter of Shay*, 133 App. Div. 547; affd., 196 N. Y. 530, and *Matter of Rothbard*, 225 App. Div. 266.)

In consequence, both the appellants and Rothbard forfeit any alleged rights to a lien for compensation upon the cause of action.

It follows that the orders appealed from should be affirmed, with ten dollars costs and disbursements to the respondent.

DOWLING, P. J., MERRELL, MCAVOY and PROSKAUER, JJ., concur.

Orders affirmed, with ten dollars costs and disbursements.