## In re WOODWORTH.
### No. 434.

Circuit Court of Appeals, Second Circuit.
July 6, 1936.

Thomas F. Kane, of New York City, for trustee-appellant.

Harold Y. MacCartney, of Nyack, N. Y., for appellee Nyack Nat. Bank & Trust Co.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Leon M. Woodworth, the bankrupt, was an attorney. He had been retained by the appellee to sue for certain tax refunds, and had agreed to do so on a contingent basis of one-third of any recovery. He commenced a suit in the New York State Supreme Court, and, after the case had been placed on the calendar, but before it was reached for trial, the bankrupt suffered disbarment in July, 1935. He had been petitioned into bankruptcy May 18, 1935, and a trustee was appointed on July 8, 1935.

The appellee applied in the Supreme Court of New York state for an order for the substitution of new attorneys in place of the disbarred bankrupt and for an order requiring his trustee in bankruptcy to turn over to the new attorneys all pleadings relative to the suit. Thereupon the trustee secured a stay by a petition, filed with the referee in bankruptcy setting forth these facts and asking that an attorney's lien be established against the papers to secure compensation for the services the bankrupt had rendered, contending that the lien was an asset of the bankrupt's estate. He asked that, before the papers were released, the amount of compensation due the bankrupt for professional services be determined by the court on a quantum meruit basis and that it be paid to the trustee. The referee held for the trustee, but the court below reversed the referee's order and dismissed the trustee's petition.

Appellant concedes that the attorney, not having performed, may not recover on the contract. Nevertheless, he claims that the reasonable value of the services on a quantum meruit basis must be fixed and paid before the papers in the suit are released from the lien supposedly given by section 475 of the Judiciary Law of the state of New York (L. 1909, c. 35, Consol.Laws N.Y. c. 30).

The attorney's lien on the papers in a suit is given, not by the statute, but by the common law. Assuming, despite Villar & Co. v. Conde, 30 F.(2d) 588 (C.C.A.1), that the trustee succeeded to the bankrupt's rights under this contract, certainly he has no greater rights than the attorney himself would have. In the present circumstances, the attorney would have no lien whatsoever. If he had unjustifiably abandoned the case, he would thereby have forfeited his lien. In re H ..., an Attorney, 93 N. Y. 381; In re Rieser, 137 App.Div. 177, 121 N.Y.S. 1070; Halbert v. Gibbs, 16 App.Div. 126, 45 N.Y.S. 113; Fargo v. Paul, 35 Misc. 568, 72 N.Y.S. 21; Eisenberg v. Brand, 144 Misc. 878, 259 N.Y.S.

57, 58. In the case last cited the court said: "The attorney has a right to quit, too (although honor bound to stay), but he is severely penalized. When he withdraws, he breaks the charm that sustained his lien. He himself has destroyed the relationship necessary to support that equitable right that insured payment of his fee."

If voluntary withdrawal without justification destroys the attorney's lien, then withdrawal by reason of disbarment would have the same effect. The attorney's incapacity follows from his own wrongful act. See Dudar v. Milef Realty Corp., 227 App.Div. 279, 280, 237 N.Y.S. 499, 500. In Egan v. Waggoner, 41 S.D. 239, 170 N. W. 142, 143, the court held that an attorney's retainer contract was annulled by his disbarment and further said: "Such annullment was brought about by his own wrongdoing, and was therefore as much of a voluntary annulment of his contracts of employment as attorney as though he had expressly refused to perform such contracts."

Therefore the trustee may not assert a lien successfully, even though he would have an action to recover on quantum meruit. Moreover, it appears that one having willfully abandoned a contract involving personal services has no right to recover in a quantum meruit therefor. In Parish v. McGowan, 39 App.D.C. 184, 210, the court, speaking of an attorney's withdrawal without justification in a case in which he had worked, said: "Nor was he entitled to have the reasonable value of his services before rendered, without showing his willingness and readiness to proceed diligently, and the rejection of such tender by the executrix."

Davenport v. Waggoner, 49 S.D. 592, 207 N.W. 972, 45 A.L.R. 1126, when the case came up to recover the reasonable value of services rendered, after the failure to recover on the contract, held that an attorney who had been disbarred was in the position of one who had willfully abandoned the contract, and could therefore recover nothing on a quantum meruit.

To deny the trustee's petition to enforce payment at this time is just, because there was no duty to pay under the contract until the fund recovered was available, and the attorney should not, by his own wrongful act incapacitating himself, be permitted to enforce payment in advance.

Order affirmed.

SWAN, Circuit Judge.

I concur on the ground that, when the petition in bankruptcy was filed, the bankrupt's contingent fee contract was still in force, and he had no possible cause of action in quantum meruit or otherwise for services performed up to that time. The uncompleted contract required personal services involving trust and confidence to be rendered by the bankrupt in the future; hence it did not pass to the trustee. Villar & Co. v. Conde, 30 F.(2d) 588 (C.C.A. 1); Remington, Bankruptcy (3d Ed.) § 1231. Any lien followed the contract, and the trustee had no interest therein.

CHASE, Circuit Judge, concurs.