Francis J. Donovan, J.
This is a motion to fix a fee and determine a lien pursuant to section 475 of the Judiciary Law.
This is one of several similar applications involving an attorney who has been disbarred.
The application is made by the new attorney. No appearance has been made nor affidavit filed by the disbarred attorney. This presents procedural problems but in the interest of expediting all of the matters, we will proceed to the substantive question.
The action is in negligence and the original retainer was on a contingent fee basis. Substantial legal work was performed but neither a settlement nor a verdict obtained prior to the original attorney’s disbarment.
If an attorney willfully abandons his client in the middle of a litigation he forfeits his lien. (Matter of H-, 93 N. Y. 381.) Nor is such an attorney entitled to recover any compensation in a plenary action. (Tenney v. Berger, 93 N. Y. 524.) This is a fundamental, well-established rule (see cases collated in Ann. 45 A. L. R. 137.)
The same rule must be applied in a case where the attorney’s disbarment prevents his performance of his contract, for the disability results from his own wrongful conduct (Matter of Woodworth, 85 F. 2d 50).
The new attorney may not agree to divide his fee with the disbarred attorney. If he does he may forfeit his lien (Dudar v. Milef Realty Corp., 227 App. Div. 279).
Citing the Woodworth case and other representative authorities, the Supreme Court of Texas stated the rule and the reason behind it as follows: ‘ ‘ Where the attorney, prior to the completion of his contingent fee contract is disbarred or suspended, he is not entitled to collect either on the contract or quantum meruit for the services, if any, that have been rendered. His disbarment or suspension is considered tantamount to and to have the same effect as a voluntary abandonment, for the attorney by knowingly and willfully practicing such a course of conduct that would lead to the termination of his right to practice, renders it impossible to complete the work that he engaged to perform.” (Royden v. Ardoin, 160 Tex. 338, 341-342.)
The court has noted the decision in Rothbard v. Jones (236 App. Div. 738) and finds it not applicable to the instant proceeding.
*294 Accordingly the motion is granted to the extent of substituting new counsel and determining that former counsel has no lien on either papers or the proceeds of the action.