OPINION OF THE COURT
Harvey W. Sherman, J.
The defendant, Kevin P. Woods, has been charged with 12 violations of the Vehicle and Traffic Law. His attorney, Joseph A. Stabile, now moves for an order permitting him *2 to withdraw as attorney for the defendant. The defendant has failed to answer said motion.
Attorney Stabile alleges by affirmation that he entered into an agreement with the defendant to represent him in the above-mentioned matters for a fee of $750. Of that amount, $450 has been paid, the last payment being in the amount of $50 on June 24, 1982. It appears to the court that this is the sole basis for Attorney Stabile’s motion.
It is well established that although a client may discharge an attorney at any time, even without cause, there must be a showing of good cause and reasonable notice before an attorney will be permitted to terminate his relationship with a client (Bathgate v Haskin, 59 NY 533; Isser v Berg, 38 Misc 2d 957). What is sufficient cause to justify an attorney in abandoning a case depends upon the circumstances present in each individual matter (Tenney v Berger, 93 NY 524). A determination of whether or not to grant an attorney’s motion to withdraw rests within the sound discretion of the trial court (People v Salquerro, 107 Misc 2d 155).
“A decision by a lawyer to withdraw should be made only on the basis of compelling circumstances, and in a matter pending before a tribunal he must comply with the rules of the tribunal regarding withdrawal. A lawyer should not withdraw without considering carefully and endeavoring to minimize the possible adverse effect on the rights of his client and the possibility of prejudice to his client as a result of his withdrawal.” (Code of Professional Responsibility, EC 2-32.)
An attorney cannot leave his client in the middle of a matter, because he does not supply him with money, or by reason of any other difficulty, without running the risk of losing the benefit of that relation (Matter of Faithfull, 6 LR Eq 325, cited in Eisenberg v Brand, 144 Misc 878).
In the instant case, the defendant has pleaded guilty to the following violations of the Vehicle and Traffic Law: driving while intoxicated (§ 1192, subd 3); driving with a suspended license (§ 511) and reckless driving (§ 1190). All that remains for these matters to be concluded is the sentencing. Attorney Stabile is fully familiar with the facts *3 of this case in that he has represented the defendant from the inception of this matter. To allow him to withdraw at such a late stage in the proceeding would be both prejudicial to the defendant and harmful to judicial economy.
The court in Suffolk Roadways v Minuse (56 Misc 2d 6, 10) stated:
“The court is loathe to deny an attorney compensation for services performed. However, the court also recognizes that he is aware of his obligation and duties to a client * * *
“He is given the choice of assuming these obligations. His admission to the Bar is a clear indication that he has chosen to fulfill these obligations * * *
“The law recognizes that these obligations to a client are difficult and severe. Therefore these obligations are only imposed once an attorney decides to acquiesce in the establishment of the attorney-client relationship as evidenced by a retainer agreement, whether oral or written * * *
“Now the attorney cannot turn back. He is duty bound to represent the client to the best of his ability. He cannot voluntarily withdraw without just cause. If he does so, then he must pay the penalty — forfeiture of his compensation.”
The defendant has paid Attorney Stabile $450, more than one half of the agreed retainer fee of $750. The court in Eisenberg v Brand (supra) stated that an attorney has a right to quit, but if he does so, his right to an attorney’s lien would be forfeited. This court does not recognize that right with regard to the instant matter. Eisenberg (supra) was an action for personal injury whereas the instant case is of a criminal nature. As an officer of the court, an attorney has an obligation to both the court and his client. To allow him to quit, even with a forfeiture of his remaining fee, would be both a burden on the court as well as a limitation on the defendant’s constitutional rights.
Accordingly, the motion to be relieved as attorney for the defendant is denied for failure to show good cause. This decision does not prejudice Attorney Stabile’s rights to further pursue collection of the agreed fee.