[image]

## CULHANE v. JACKSON HARDWARE CO.

District Court, D. South Dakota.

Oct. 27, 1938.

[image]

M. E. Culhane, of Minneapolis, Minn., for trustee.

Max Stokes, of Aberdeen, S. D., for creditor Jackson Hardware Co.

WYMAN, District Judge.

A careful consideration of the pleadings and files in the above entitled action, and an examination of the briefs submitted and the rules therein cited, convinces me that under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, now in force, the plaintiff's motion for summary judgment should be granted.

Notwithstanding defendant's contention and averments in the answer to the contrary, the affidavits on file conclusively show the following ultimate facts:

Defendant, an unsecured creditor, was paid the sum of $250, which amounted to payment of his claim in full, together with at least some interest, from the proceeds of the sale of the bankrupt's property within the statutory four months' period. This payment was made under circumstances which, to say the least, afforded ample grounds for substantial doubt on the part of the defendant as to the solvency of the bankrupt at the time said payment was made.

These are the salient facts upon which the rights of the respective parties must rest, and notwithstanding some of the allegations of the complaint and other matters urged in defendant's brief, which I consider wholly immaterial, I find nothing in the showing presented which leaves any issue as to any of the material facts. The record before me shows conclusively that the payment in question constituted a preferential payment under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and if no motion for summary judgment had been made and the case were tried in the regular manner, a motion for a directed verdict in favor of the plaintiff would of necessity be granted.

The record before me clearly brings the case within the purview of Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, recently promulgated and, as indicated above, the plaintiff's motion for summary judgment must be granted.