## NEW YORK CREDIT MEN'S ASS'N v. CHAITYN.

### In re JUNGREIS-REISH, Inc.

District Court, S. D. New York.
July 22, 1939.

Otterbourg, Steindler & Houston, of New York City (E. Robert Marks, of New York City, of counsel), for plaintiff.

Herman Chaityn, of New York City, for defendant.

LEIBELL, District Judge.

On January 16, 1939, a petition proposing an arrangement under Section 322 of the Bankruptcy Act, as amended, 11 U.S. C.A. § 722, was filed by Jungreis-Reish, Inc. After a hearing the Referee in Bankruptcy decided that it was for the best interests of creditors that the debtor be adjudged a bankrupt and on January 28, 1939, the order of adjudication was entered. The New York Credit Men's Association was appointed trustee in bankruptcy.

On March 8, 1939, the said association, acting as trustee, commenced this action against Herman Chaityn, seeking to recover an alleged voidable preference of $415. The action is based upon Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, and Section 15 of the New York Stock Corporation Law (Consol.Laws, c. 59).

The complaint alleges that on or about January 11, 1939, the bankrupt paid the sum of $415 to the defendant on account of an alleged indebtedness; that at that time the bankrupt was insolvent and the effect of the said payment was to enable the defendant to obtain a greater percentage of his debt than other creditors of the same class; that the defendant knew or had reasonable cause to believe that the bankrupt was then insolvent. For a second cause of action plaintiff alleges further that the payment was made with the intent of giving a preference to the defendant over other creditors of the bankrupt in violation of Section 15 of the Stock Corporation Law.

The defendant, in his answer, admitted receipt of the $415 in payment of an indebtedness due him, but denied the other

material allegations of the complaint. Plaintiff now moves under Rule 56(a), F.R.C.P., 28 U.S.C.A. following section 723c, upon supporting affidavits, for summary judgment striking out the answer of the defendant and granting judgment in favor of the plaintiff and against the defendant.

The defendant had been acting as attorney for the bankrupt for a period of approximately five years' prior to the date of the petition for an arrangement. The monies paid him on January 11, 1939, were in satisfaction of a debt for legal services which had been due and owing for some time. The defendant was an unsecured creditor of the bankrupt to that extent at the time the payment was made.

The schedules annexed to the bankrupt's petition for an arrangement which was filed on January 16, 1939, show liabilities totalling $10,346.69 and assets in the amount of $4,638.80. Although the bankrupt alleged that it was "unable to meet his debts as they mature", I am of the opinion that the company was clearly insolvent at that time. The affidavits submitted prove it. There were no liquid assets but only stock in trade and accounts receivable. On the liability side there were taxes due and owing in the sum of $335 and $10,011.69 due to unsecured creditors. Taking the bankrupt's own book values, the company was insolvent when the petition for arrangement was filed. The affidavits show that there had been no substantial change in the financial situation between January 11th and January 16th and I find that the bankrupt was insolvent at the time payment was made to the defendant herein.

Further, the schedules show that the amount due unsecured creditors at that time was approximately $10,000 while the total assets amounted to less than $5,000. Hence the payment of the defendant's debt in full resulted in a preference within the meaning of § 60, sub. a, of the Bankruptcy Act.

The remaining question, then is whether the preference may be avoided by the trustee under § 60, sub. b, of the Bankruptcy Act. At the time the transfer was made did the defendant have reasonable cause to believe that the bankrupt was insolvent?

The defendant avers that he represented the bankrupt as attorney since its inception; that like other small businesses the bankrupt found itself the victim of the depression, but continued its business with the expectation of extricating itself; that there is no proof that the debtor was insolvent; that it continued paying obligations right up to the moment the arrangement was filed and only needed cash to continue.

Here we have a man who was intimately connected with the bankrupt for a number of years and knew its financial condition with reasonable accuracy. He had been consulted several times within the months preceding the petition for arrangement because of pressing financial difficulties. He filed the petition for arrangement as attorney for the debtor. The schedules annexed thereto must have been prepared under his direction. To my mind, it is inconceivable that he did not have reasonable cause to believe that the debtor was insolvent at the time he accepted payment of the debt due him for past legal services. The moving affidavit contains parts of the testimony of the defendant and of the president of the bankrupt in the bankruptcy proceeding. It conclusively establishes that this defendant knew the bankrupt was insolvent when he received the check of $415 on January 11, 1939. During his examination before the referee in bankruptcy he stated "I didn't know about their insolvency. They were in financial difficulties". He admitted that he knew they were in financial difficulties in November or December. He knew the bankrupt was assigning some of its accounts "to get some money in". The check paid this defendant practically cleaned out what then remained in the bankrupt's bank account.

In the case of Boston National Bank v. Early, 1 Cir., 17 F.2d 691, 692, the Court said: "The rule to be deduced from all these decisions is whether the facts surrounding and attending the transfer alleged to be voidable were such as to cause a reasonably prudent man to believe that the bankrupt was insolvent when it was made, or were such as to put him on inquiry touching the solvency of the debtor, which inquiry would have disclosed insolvency." Clearly such facts are present in the instant case. See, also, Pender v. Chatham Phenix National Bank & Trust Co., 2 Cir., 58 F.2d 968; Fischer v. Liberty National Bank & Trust Co., D.C., 53 F.2d 856.

 I am of the opinion that there is no genuine issue as to any material fact (Rule 56, F.R.C.P.) and that the plaintiff is entitled to summary judgment in its action to recover the voidable preference under § 60, sub. b, of the Bankruptcy Act. Under the circumstances it is unnecessary to pass upon the second cause of action. Accordingly the plaintiff's motion for summary judgment is granted. Submit order on one day's notice.