**FLETCHER v. KRISE.**

No. 7562.

United States Court of Appeals for the District of Columbia.

Argued Dec. 4, 1940.

Decided March 3, 1941.

Petition for rehearing denied April 10, 1941.

Edmond C. Fletcher, of Washington, D. C., pro se.

William Stanley and J. Edward Burroughs, both of Washington, D. C., and James S. Barron, of Norfolk, Va., for appellee.

Before GRONER, Chief Justice, and LUHRING and O'DONOGHUE, United States District Judges sitting by assignment.

GRONER, C. J.

Appellant, in 1930, was an attorney at law in practice in the city of Washington. In the latter part of that year, he and Theodore J. Wool, an attorney of Norfolk, Virginia, entered into a contract with appellee Krise, as receiver of Fidelity Land and Investment Corporation of Virginia, to prosecute on behalf of the corporation a claim against the United States for just compensation for the taking of the corporation's property in the war period of 1917. Wool and appellant agreed for a contingent fee of 50 percent of the amount recovered, to be divided equally between them, to prosecute the claim both before Congress and the courts of the United States or elsewhere and to render such other and further legal services as should be necessary. In the event of failure, the attorneys were to receive nothing for their services. The complaint alleges that pursuant to the contract appellant and Wool in 1931 instituted suits in the state and federal courts in Virginia, in which proceedings appellant prepared the pleadings and other

papers, but that all such suits resulted adversely to the receiver. In 1935 appellant prepared a bill conferring jurisdiction upon the Court of Claims to hear the case and sent it to Wool that it might be introduced in Congress. Appellant submitted a comprehensive memorandum in support of the bill, which was embodied in another bill and finally passed both houses, but met a pocket veto. Thereafter Wool "slightly changed the bill," which was introduced and became a law in 1938, as the result of which suit was instituted by other counsel in the Court of Claims and judgment for $82,833.42 secured. To recover one-quarter of this amount, appellant instituted this suit in the District Court.

The receiver's answer sets up two main defenses:

(1) That the services actually performed by appellant brought no benefit to the receiver; that the suits brought in the Virginia courts were lost and that the bill drawn by appellant failed of enactment; that the judgment resulted from the subsequent passage of a bill, followed by a suit in the Court of Claims, in which appellant did not and could not participate;

(2) That appellant was in 1931 disbarred from practice in the Supreme Court of the District of Columbia and thereafter in 1933 was disbarred in the United States Court of Appeals for the District of Columbia, the United States District Court for the Eastern District of Virginia, the United States Court of Claims, and the Supreme Court of the United States; and that after his disbarment appellee Krise no longer looked to nor recognized appellant as his attorney, but notified him that his services would be no longer required or accepted, and appellee then proceeded to employ other counsel, whose efforts resulted in the successful legislation and litigation referred to in the complaint.

The trial court granted a motion for summary judgment in favor of appellee receiver, and this appeal followed.

█ In the view we take of the case, the decision turns upon the question whether appellant's disbarment several years prior to the successful completion of the litigation and his consequent inability to render professional services in promoting the claim, annulled his contingent fee contract and entitled appellee to a judgment as a matter of law. We think this question must be answered in the affirmative. It is well settled that, if an attorney without justifiable cause voluntarily abandons or withdraws from a case before his services have been performed, he loses his right to compensation.[1] Disbarment prior to the completion of the case is equivalent to a voluntary and unjustified withdrawal from the case.

The leading case on the subject arose in South Dakota. Egan, an attorney engaged under contract for one-half of a contingent fee, aided in the prosecution of a case which resulted in favor of the client in the trial court. The judgment was appealed, and after a brief had been filed on behalf of the client, Egan was disbarred. The judgment was affirmed, and Egan brought suit on the contract, to recover his share of the fee, in much the same manner as here. The court held, however, that Egan's contract was annulled by his disbarment, which put him in the same position as if he had voluntarily, wrongfully, and without just cause abandoned the case. "It follows that immediately upon the entry of the decree of disbarment, every contract of employment as attorney, entered into by respondent, was annulled. Such annulment was brought about by his own wrongdoing, and was therefore as much of a voluntary annulment of his contracts of employment as attorney as though he had expressly refused to perform such contracts, or had accepted an office which disqualified him to perform his contracts." Egan v. Waggoner, 41 S.D. 239, 170 N.W. 142, 143. Upon remand, his complaint was amended, and his bankruptcy trustee sought to recover on a theory of quantum meruit and obtained a judgment for the services performed thereunder to the date of disbarment. The trial court apparently allowed recovery on the contract. On appeal, the court stated the question as follows: "Accepting the law of the case as established on the former appeal, and bearing in mind the essential nature of a contingent fee contract, the question is whether or not an attorney, who has partly, but not substantially, performed a contract for the rendition of personal services, for a compensation payable only in the event of final and successful termination, who has willfully and intentionally abandoned said contract without cause before completion, can

---

[1] See cases collected in 45 A.L.R. at pages 1137–1141.

recover for services rendered prior to such abandonment, and, if so, upon what basis?" The court then decided that as the disbarment annulled the contract, he could not recover for part performance under the joint enterprise. Davenport v. Waggoner, 49 S.D. 592, 207 N.W. 972, 974, 45 A.L.R. 1126. The quantum meruit theory was apparently abandoned on appeal.

A precisely similar rule was applied by District Judge Patterson (afterwards Circuit Judge) in Re Woodworth, D. C., 15 F.Supp. 291, 293, affirmed, 2 Cir., 85 F.2d 50. The case involved the rights of a disbarred attorney under a contingent fee contract. It was held the disbarment put an end to the contract.

"On principle it cannot be doubted that when an attorney makes an agreement to prosecute a case for a fee contingent on success and is disbarred before the fee is earned, he may not collect compensation from his client for the work done. The agreed fee he cannot have, because he has not performed his engagement and the contingency on which the compensation was to rest has not happened. Reasonable compensation in lieu of the fee he cannot have, because his inability to complete his contract has been brought about by his own wrongful conduct. The rule permitting recovery for reasonable value of services performed is based on quasi contract * * *, and is confined to instances where the attorney has been prevented from earning the agreed contingent fee without fault, as by illness, death, or discharge without fair cause. * * * It has never been thought to apply to a situation where the attorney abandons the case without justification. * * * By the same token the rule of reasonable compensation does not apply where the attorney is forced to relinquish the suit by reason of disbarment. His inability to perform his contract is the consequence of his own wrong."

Kimmie v. Term. R. R. Association, 344 Mo. 412, 126 S.W.2d 1197, carries the rule one step further and holds squarely that no recovery may be had on a quantum meruit either. An attorney employed on a contingent fee basis had obtained two successive verdicts for his client, each of which was reversed on appeal. While the case was awaiting a third trial, he was suspend-ed from practice. After another attorney had obtained a settlement for $15,000, the suspended attorney tried to collect compensation both on the contract and on quantum meruit. It was held he could not recover on either theory, because he was like an attorney who abandons a case.

See also Moyers v. Graham, 15 Lea, Tenn., 57.

 Here, as we have seen, the suit is on the contract itself, which required the exercise by appellant of his services as an attorney at law in bringing the claim to final adjudication. The litigation begun by him in the Virginia state and federal courts failed, and immediately thereafter he was disbarred. There was then an apparent hiatus of about four years when, according to appellant's allegations, he prepared a bill to be introduced in Congress which in turn failed to become a law, and thereafter a nearly similar bill, caused to be offered by Wool, was passed. Jurisdiction was vested in the Court of Claims to hear the cause, and it was in that court, in which appellant by reason of his disbarment some six or seven years prior to the time was unable to appear, that judgment was finally obtained. His case is, therefore, ruled by the decisions which we have mentioned and which we adopt and approve.

This leaves only to be noticed appellant's argument that the court below was not authorized to issue a summary judgment on defendant's motion. The point is, first, that the court should have considered the case only on appellant's complaint and should have ignored appellee's answer and exhibits. But we think this misconceives the purpose of the rule. The judgment recites that it was entered under Rule 56(c) of the Rules of Civil Procedure,[2] which in specific terms provides for summary judgment: "(c) * * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

 Appellant also argues that since he was neither required nor permitted to file a pleading responsive to appellee's answer, the allegation of his disbarment must be taken as denied under Rule 8 (d).[3] This

---

[2] 28 U.S.C.A. following section 723c.

[3] Averments in a pleading to which no responsive pleading is required or per-mitted shall be taken as denied or avoided. 28 U.S.C.A. following section 723c.

argument, however, overlooks the purpose of Rule 56, which is to dispose of cases where there is no genuine issue of fact, even though an issue may be raised formally by the pleadings. See 3 Moore's Federal Practice, § 56.01. Along with the averment, appellee filed certified copies of the orders of disbarment entered by the court below, this court, the Supreme Court, the Virginia District Court, and the Court of Claims. If in this state of the record, appellant had desired to challenge the verity of the orders, he might have served and filed opposing affidavits under the express terms of Rule 56(c). His inability to do so left the case with no genuine issue on this point. As we are holding that appellant's disbarment deprived him of any right to compensation either under his contract or on a quantum meruit, every necessary condition existed for the application of the Rule. Fletcher v. Evening Star Newspaper, 72 App.D.C. 303, 114 F.2d 582, 587; Securities & Exchange Comm. v. Payne, D.C., 35 F.Supp. 873; Sun Ins. Office, Ltd. v. Leshefsky, D.C., 31 F.Supp. 952; New York Credit Men's Ass'n v. Chaityn, D.C., 29 F.Supp. 652; Culhane v. Jackson Hardware Co., D.C., 25 F.Supp. 324; see Whitaker v. Coleman, 5 Cir., 115 F.2d 305, 307.

Affirmed.