## FLETCHER v. KRISE et al., and 6 other cases.

Nos. 5126, 5127, 5132, 5133, 5143, 5144, 5155.

Circuit Court of Appeals, Fourth Circuit.

Nov. 8, 1943.

Edmond C. Fletcher, pro se.

William G. Maupin, of Norfolk, Va., for appellees Krise and others.

Charles L. Kaufman, of Norfolk, Va., for appellees D. H. Goodman, Inc., and others.

Leigh D. Williams, of Norfolk, Va., for appellee Fidelity & Casualty Co.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

PER CURIAM.

These are actions instituted in the District Court of the United States for the Eastern District of Virginia, at Norfolk, in which the appellant, Edmond C. Fletcher, was plaintiff and the various appellees were defendants. These cases were consolidated and heard together in this court.

In the court below, in each case, the plaintiff filed a complaint and the respective defendants filed answers with certain exhibits supporting material facts alleged in the answers. Various motions were made by the plaintiff. The court below overruled plaintiff's motions and granted a motion for a summary judgment, in each case, in favor of the respective defendants. From this action of the court below these appeals were brought.

These suits all grew out of a contract made in the year 1930, between plaintiff and one Theodore J. Wool, an attorney of Norfolk, Virginia, with five different persons, firms or corporations. Under these contracts plaintiff and Wool were to prosecute certain claims against the United States for a contingent fee of 50 percent of the amount recovered. A detailed statement of the facts surrounding these contracts will be found in the opinion of Chief Justice Groner of the United States Court of Appeals for the District of Columbia, in the case of Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809, and we do not deem it necessary to repeat these details here.

Recovery was had against the United States, in the Court of Claims, for each of the five clients mentioned in the contracts and the plaintiff received nothing.

The plaintiff brought suit in the District Court of the United States for the District of Columbia to recover the share claimed by him in the money recovered. Judgments were rendered against the plaintiff in these suits and an appeal was taken from these judgments. The Court of Appeals for the District of Columbia affirmed the judgments against the plaintiff on the ground that pending the litigation he had been disbarred, which disbarment had the effect of a voluntary retirement by the plaintiff from the cases. The Supreme Court of the United States denied the application for a writ of certiorari from the judgment of the Court of Appeals. 314 U.S. 608, 62 S.Ct. 88, 86 L.Ed. 489.

In the seven suits here the plaintiff sought to recover from the five clients, with whom the original contracts were made, and in addition from the estate of Wool, who had died in the meantime, and other corporations and individuals money they had received which the plaintiff claimed was due him.

It will be seen from an examination of the opinion in Fletcher v. Krise, supra, that all the rights of the plaintiff, growing out of the contracts in question, were fully, completely and finally adjudicated in the litigation instituted by him in the District Court of the United States for the District of Columbia and it necessarily follows that these seven actions brought by him were based on a contract which had been declared null and void as far as he was concerned.

The plaintiff may not institute suits which are finally decided against him and then go into another jurisdiction and litigate the same subject matter, otherwise there would be no end to litigation.

"When a tribunal having jurisdiction of the subject-matter and the parties has once decided a question, it is 'res adjudicata' between those parties and cannot be relitigated in an original proceeding before another tribunal." 37 Words and Phrases, Perm Ed., page 112, and cases there cited.

The action of the court below in granting the motion for summary judgment for the defendant in each of these cases was correct, and the judgments are accordingly affirmed.