742

## FLETCHER v. MAUPIN.

## SAME v. NATIONAL BANK OF COMMERCE OF NORFOLK et al.

### Nos. 5152, 5153.

Circuit Court of Appeals, Fourth Circuit.

Nov. 8, 1943.

Edmond C. Fletcher, pro se.

William G. Maupin, of Norfolk, Va., pro se.

Charles L. Kaufman, of Norfolk, Va., for appellees National Bank of Commerce of Norfolk and others.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

PER CURIAM.

These are actions instituted in the District Court of the United States for the Eastern District of Virginia by the appellant, Edmond C. Fletcher, herein referred to as the plaintiff, against the appellee, William G. Maupin and appellees National Bank of Commerce of Norfolk, Virginia, Arthur W. Brock and Charles L. Kaufman, herein referred to as the defendants. The object of the actions was to recover damages for an alleged libel. The two cases were heard together in this court.

The court below granted motions of the defendants in each case for a summary judgment, from which action these appeals were brought.

In case No. 5152 the plaintiff had instituted an action against Willard R. Cook & Company, Incorporated, and Cook Realty Corporation. William G. Maupin and Theodore J. Wool were counsel for the defendants in this action. As attorneys Wool and Maupin filed on behalf of their clients an answer alleging that the plaintiff had been disbarred in various courts and filed as exhibits with said answer photostatic copies of the orders of disbarment entered in the respective courts where such action was taken against the plaintiff. Wool having died the action was prosecuted against Maupin.

In case No. 5153 the plaintiff had instituted an action against the National Bank of Commerce to recover money alleged to be due him under a contract the details of which are fully set out in the opinion this day filed in Fletcher v. Krise, 4 Cir., 138 F. 2d 740. The defendant Arthur W. Brock is vice-president of said bank and defendant Charles L. Kaufman was the bank's attorney. In the answer filed on behalf of the defendants it was alleged among other things that the plaintiff had been disbarred in various courts.

The court also overruled various motions made by the plaintiff among which was a motion to strike certain parts of the answers.

The statements contained in the answers filed by the attorneys were true beyond any doubt; in addition to this they were privileged. Penick v. Ratcliffe, 149 Va. 618, 140 S.E. 664; Rosenberg v. Mason, 157 Va. 215, 160 S.E. 190.

In filing the answers alleging that the plaintiff had been disbarred the attorneys in both cases were only performing a duty they owed their clients, and it is not necessary to cite authorities to the effect that such actions were not libelous.

The judgments of the court below were correct and they are accordingly affirmed.