CAMERON v. BENDIX AVIATION COR-
PORATION.

Civ. A. No. 5250.

District Court, E. D. Pennsylvania.

April 9, 1946.

Saul C. Waldbaum and A. Harry Levitan, both of Philadelphia, Pa., for plaintiff.

Charles A. Wolfe, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This complaint, filed by 56 employees of the defendant-employer under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., is for overtime con-

sisting entirely of time spent standing in line in order to punch the time clock at the beginning of the lunch period allowed each day by the employer. No claim is made in respect of delays in punching out, attributable to any other cause.

There was a maximum of 150 employees in the drafting room where these plaintiffs worked of whom about 130 regularly punched the time clock at the beginning of the lunch period which, for purposes of this decision, may be considered as having been from 12:30 p. m. to 1:15 p. m. As to the amount of time lost by the plaintiffs in punching out, a witness, whose testimony I find to be credible and to state facts applicable to all the plaintiffs, testified as follows:

"Q. Well, what would be the longest you had to stand in line to punch the time clock? A. Possibly two or maybe on occasion it might run into the third minute.

"Q. That would be the maximum? A. Yes.

"Q. So that if there are any cases on your timecard that show over three minutes, there would be something else to account for it other than just standing in line? A. Yes, sir."

The actual amount would be somewhat below the figures shown by the time clock, since the plaintiffs agree that the half minute or so required to walk from their desks or drawing boards to the time clock is not to be included in their claim. Timecards of all the plaintiffs are in evidence and they show a large number of occasions on which they punched out at 12:31, a smaller number at 12:32 and a still smaller number at 12:33. In a great, but so far unascertained, number of cases the timecard record showed 12:30.

The Fair Labor Standards Act, Sec. 7(a)(3), prescribes time and a half for overtime above 40 hours per week for an employee's "employment." Punching a time clock is an operation which enures to the employer's benefit and in large plants is usually necessary to efficient conduct of the employer's business. To what extent time necessarily expended by an employee in performing this service is compensable overtime depends upon what limitations, if any, should be given to the meaning of the word "employment" as used in the Act. The answer, I think, has been supplied by the Wage and Hour Administrator himself, whose interpretations of the Act have been uniformly liberal. Interpretative Bulletin No. 13 states: "It should be noted also that if the employer requires the employees to punch a time clock and the employee is required to be present *for a considerable period of time* before doing so, such time will be considered hours worked." A special opinion from the office of the Administrator reported in Prentice-Hall Labor Service, Volume 2, at paragraph 10,-359.3 is as follows: "Waiting to punch clock.—If an employee stands in line *a long time,* either to punch a time clock or to get a pay check, the time spent in the line is to be counted as hours worked."

■ I accept these statements as correctly interpreting the intent and purposes of the Act. The Act deals with human beings, not machines. Under ordinary conditions of factory employment there are minute fractions of the working day necessarily, and sometimes unnecessarily, lost both to employer and employee, which, on a strictly dollar and cents basis, are waste. The record of this case shows that it was not customary for the employer to deduct periods of a minute (sometimes more) from an employee's time on every occasion upon which it might have done so. For example, the timecards showed a number of days when the employees punched in a minute late in the morning for which no deduction from their pay was made. It also appears that, after lunch, most of the employees usually punched in some time before the end of the lunch period, so that the time clock gave no indications of the precise time when they reported for work, and there seem to be a number of occasions when they were a minute or two late in getting back to their desks at 1:15, for which lost time no deduction was made. Unless this was a unique establishment, there were many other occasions during working hours when minutes were lost to the employer in one way or another, as to which it did not impose a penalty. To interpret the Act any more strictly than the Administrator himself has done, it seems

512

to me, would lead to the elimination of all reasonable human give-and-take adjustments on both sides, and would probably be more detrimental, in the long run, to the interests of the employees than to those of the employer.

The plaintiffs suggest that the time required to punch the time clock should be compared with the length of the lunch period in order to determine whether it is "considerable." I do not think that any workable formula can be arrived at by measuring it against either the free time of the employee or his working time. The true test is whether the employee was unreasonably deprived of time which he should have had free, and I find as a fact that, under the circumstances of this case, periods ranging from a fraction of a minute to two and one-half or three minutes do not constitute "considerable" periods of time within the meaning of the Administrator's ruling or "employment" within the intent of the Act.

In view of what has been said it is perhaps hardly necessary to refer to the almost insuperable difficulty which would confront the plaintiffs in this case in meeting their burden of proof and establishing the amounts to which they would be entitled, if the main point had been decided in their favor.

Judgment for defendant.