## ORTIZ v. NATIONAL LIBERTY INS. CO. OF AMERICA.

### Civ. No. 4887.

District Court, Puerto Rico.

Feb. 17, 1948.

R. Martinez Alvarez and Ruiz Suria & Ruiz Suria, all of San Juan, P. R., for plaintiff.

Wilson P. Colberg, of San Juan, P. R., for defendant.

DAVID CHAVEZ, District Judge.

This matter comes up for decision upon defendant's motion for summary judgment. Defendant moves for summary judgment on the grounds that under the pleadings and affidavit of plaintiff, of record in this case, no material issue of fact exists, and defendant, as a matter of law, is entitled to a summary judgment.

The facts briefly stated are as follows: Plaintiff was the owner of a dry goods and hardware store located in Santurce, Puerto Rico, which was insured by the defendant company in the amount of $6000. On the early morning of 27 July 1946, and within the terms of the contract of insurance, the property of plaintiff was totally destroyed

by a fire and he sues under the insurance policy. The affidavit of plaintiff discloses that at the time of the fire he was at Vega Baja, Puerto Rico, and that the last time he was in the store was "on July 26, in the morning, that is the day before; I closed it and left." Also, that he did not have an iron safe and that the books, documents, invoices, cancelled checks, etc., relating to the business, were destroyed by the fire.

Defendant relies on the insurance policy which contains an "iron safe clause" and "bookkeeping clause," the pertinent parts being as follows:

" * * * That Insured shall keep these books and the last preceding inventory, if it has been made, duly locked under key in a fireproof safe in the night time and at all times when the building mentioned in this policy is not open to commercial operations; and in the absence of such a safe the Insured shall keep said books and inventories at a place that is not exposed to any fire that might destroy aforesaid building.

"In the event of a failure to present the set of books and inventories for an examination by this Company, at the place where the policy is issued, this contract will be void and without effect, and the Company shall be relieved of all liability thereunder."

Plaintiff admits in his affidavit:

(1) That he did not have an iron safe in his establishment.

(2) That the books and documents such as invoices, cancelled checks, etc., relating to the business, were destroyed by the fire.

(3) That at the time of the fire plaintiff was at Vega Baja, Puerto Rico.

(4) That the last time he was in the store was "on July 26, in the morning, that is the day before; I closed it and left."

The complaint alleges that the fire occurred "on the early morning of July 27, 1946."

Plaintiff contends, however, that he can show, at a trial, substantial compliance with the contract. He contends that (1) the pleadings and (2) plaintiff's statement are sufficient to defeat defendant's motion for summary judgment.

 With this contention the Court cannot agree. In Fletcher v. Krise, 73 App. D.C., 266, 120 F.2d 809, the point was raised that on motion for summary judgment, the Court could only consider the case on plaintiff's complaint and should have ignored defendant's answer and exhibits. The Court overruled this contention, and held that such a contention was a misconception of the rule, and set out that the purpose of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is to dispose of cases where there is no genuine issue of fact, even though an issue may be formally raised in the pleadings. The sufficiency of the allegations of the complaint do not determine a motion for summary judgment. Lindsey v. Leavy, 9 Cir., 149 F. 2d 899.

 It is undisputed that substantial compliance with iron safe or warranty clauses in fire policies is all that is required. Home Insurance Co. v. Williams, 5 Cir., 237 F. 171; Compania L'Union De Paris v. Goldsmith, 1 Cir., 8 F.2d 134; Western Assur. Co. v. Redding, 5 Cir., 68 F. 708; New Amsterdam Cas. Co. v. Iowa State Bank, 8 Cir., 1 F.2d 196.

Plaintiff states in his brief that he is "of the opinion" that he can show a substantial compliance with the iron safe clause or with the alternative provision of the contract, i. e. "and in the absence of such a safe the insured shall keep said books and inventories at a place that is not exposed to any fire that might destroy aforesaid building."

 Formal denial or general allegations which do not show facts in detail and with precision are insufficient to prevent the award of summary judgment. Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469. Plaintiff has failed to adduce any facts to controvert his admissions in the affidavit, neither has he submitted any facts tending to show that he may or can make substantial compliance with the so-called "alternative" provision of the "iron safe clause."

In view of the facts adduced from the pleadings and the affidavit of plaintiff that he did not keep an iron safe in the establishment, and that the books, records, documents, etc., relating to the business, were destroyed by the fire, and the further fact that the fire occurred on the early morning of July 27, 1946—when the plaintiff was at

another place—it seems to the Court that it is incumbent upon the plaintiff to show or to submit by way of an affidavit, document or other pleading, the facts upon which he relies and upon which he bases his contention that he may be able to show substantial compliance with the terms of the insurance contract.

Summary judgment will be entered in this case for the defendant, unless plaintiff within 15 days from the date of this order shall file counter affidavits or other documents or pleadings setting forth the facts upon which he relies to show or which tend to show substantial compliance with the terms of the insurance contract.