## CROSBY et al. v. OLIVER CORPORATION.
### Civ. A. No. 771.

United States District Court
S. D. Ohio, W. D.
March 3, 1949.

Milton R. Landy and Howard M. Metzenbaum, both of Cleveland, Ohio, for plaintiffs.

Landis, Ferguson, Bieser & Greer, of Dayton, Ohio, and Defrees, Fiske, O'Brien & Thomson, of Chicago, Ill., for defendant.

NEVIN, Chief Judge.

This is a so-called "portal-to-portal" action. The complaint was filed on January 9, 1947. On February 27, 1947, an amended complaint was filed. Plaintiffs are, or during the periods of time set forth in the amended complaint were, employees of defendant at its plant located in the city of Springfield, Ohio.

In their amended complaint, plaintiffs allege that they "bring this action for and on behalf of themselves and all other present and former employees of defendant who are, or were, similarly situated * * to recover from the defendant unpaid minimum wages and unpaid overtime compensation, in the amount of $2,500,000. and an additional equal amount of liquidated damages."

On April 1, 1947, defendant filed a motion wherein it moved the court "to dismiss this action and the amended complaint herein" upon a number of grounds, among others the following: 7. * * * "that the amended complaint fails to state a claim against the defendant upon which relief can be granted, in that it does not * * * show that the time for which plaintiffs are claiming compensation is sufficiently substantial and significant to jus-

tify compensation therefor within the rule of de minimis and in light of the realities of the industrial world, and in that the time for which recovery is sought is not compensable under the Fair Labor Standards Act [29 U.S.C.A. § 201 et seq.]"

On May 5, 1947, it was agreed by counsel in open court that the matter should "rest on the (defendants') motion" pending possible further proceedings at a later date.

On September 25, 1948 (pursuant to a stipulation of counsel filed May 27, 1948), defendant filed a brief in support of its motion to dismiss. No answering brief has been filed thereto on behalf of plaintiffs.

On October 25, 1948, defendant filed a "Motion for Summary Judgment." Defendant's motion for summary judgment reads as follows: "The defendant, without prejudice to its motion heretofore filed, moves the court to enter a summary judgment in its favor on the ground that there is no genuine issue as to any material fact. This motion is based upon the pleadings and motions heretofore filed in this action, and the affidavits hereunto attached of John H. Ward, William R. Miller, Perry Bolin, Lawrence A. Detrick, Jacob Groeber, Edgar Yeazell, Clarence West, Marshall Hildebrand, William Jordan, Charles W. Thornell, William J. Welch, Karl C. Marty and Lee Winfield Alberts, marked Exhibits 'A' to 'U'". Briefs have been filed by the respective parties in support of and contra this motion.

The cause is now before the court on defendant's motions (1) to dismiss and (2) for summary judgment.

Defendant contends that its motion for summary judgment should be sustained for the following reasons, among others, "(A) Defendant's motion to dismiss the complaint, on the ground that the plaintiff has failed to state a claim upon which relief can be granted within the rule of de minimis (paragraph 7 of the motions of April 1, 1947), should be considered in connection with the motion for a summary judgment and the affidavits in support thereof. (B) The time for which the employee-plaintiffs are claiming compensation is not sufficiently substantial and significant to justify compensation therefor within the rules of de minimis, or in the light of the realities of the industrial world. (C) Judgment should be entered for the defendant because the time for which the employee-plaintiffs have not been compensated is not sufficiently substantial and significant to justify compensation therefor within the rule of de minimis, or in the light of the realities of the industrial world."

Where a motion for summary judgment has been made, together with a motion to dismiss for failure to state a cause of action, the court should and will consider both motions together, relying for each on any grounds disclosed by any of the papers in the record.

In Palmer v. Palmer, D.C., 31 F.Supp. 861, at page 863, the court said: "The present proceedings arise on defendants' motion for judgment on the pleadings and motion for summary judgment. These are presented as two separate motions, the former dealing only with issues of law on the pleadings and the latter only with whether there were any triable issues of fact in view of the affidavits filed. I see no occasion for treating them as thus distinct. Both motions seek a single relief, judgment for the defendants; in granting that relief I feel I am justified in relying on any or all appropriate grounds disclosed by any or all the papers of record in the case. United States Trust Co. of New York v. Sears, D.C.Conn., 29 F.Supp. 643, 645."

See also Sauquoit Valley Farmers Cooperative, Inc., v. Wickard, D.C., 45 F. Supp. 104.

In addition to the affidavits attached to its motions, defendant has submitted with its brief, certain tables. These tables show the maximum portal time which can be claimed in the respective departments (involved herein) of the defendant company, as summarized and established by the facts set forth in the affidavits. The court deems it unnecessary to go into these details in this decision.[1]

---

[1] The facts established by the affidavits as summarized and by the table attached to defendant's brief show that there is (as defendant claims) "a net minus portal

The amended complaint (as is the original complaint) is unverified. No counter affidavits have been filed on behalf of plaintiffs or any of them. It is the claim of plaintiffs in this respect that it is not incumbent upon plaintiffs to file affidavits because (Br. P. 1) "the pleadings raise enough controversial facts on their face which are not controverted by the defendants by their affidavits."

Plaintiffs further assert that "if the pleadings raise a genuine issue of fact material to the dispute between the parties, a summary judgment should not be entered. Parmelee v. Chicago Eye Shield Company, 8 Cir., 157 F.2d 582, 168 A.L.R. 1130."

Plaintiffs rely largely upon the decision in the Parmelee case. However, as defendant points out, the determination of the motion for summary judgment in that case was made solely on the pleadings, no affidavits having been filed by either party.

Plaintiffs further say in their brief that: "The affidavits of the defendants, all of them come from one source—foremen and supervisory officials employed by the defendant corporation; they are supervisory officials who are the defendant's representatives in their relations with the plaintiffs in this case. By the Taft-Hartley Act, sometimes considered the Labor Management Act of 1947, 29 U.S.C.A. § 141 et seq., foremen are no longer considered employees by their firms that hired them, but are the agents of these firms in their day to day relations with the employers. From this it is clear that an agent and representative of the defendant corporation will have a greater interest in protecting the defendant's interest than jeopardizing it. It is the duty of the foremen to intercede in behalf of the defendant."

The foregoing argument, at most, goes only to the weight to be given to the testimony of the affiants as adduced and set forth in their affidavits. In the instant case, the truthfulness or accuracy of the statements made in the affidavits of the respective affiants, regardless of what position they may occupy with the defendant company, is not challenged nor controverted either by way of affidavits or testimony or in statements or allegations in any verified pleading.

■ The proceeding on motion for summary judgment is not to be regarded as a trial, but for the determination of whether or not there is a genuine issue to be tried. Parmelee v. Chicago Eye Shield Company, supra.

■ A genuine issue of material fact is not raised by unverified averments in a complaint, controverted by affidavits, in the absence of counter affidavits. Wilkinson v. Powell et al., 5 Cir., 149 F.2d 335, 337; Board of Public Instruction for County of Hernando, Fla. v. Meredith, 5 Cir., 119 F.2d 712; Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809, 812; Geller v. Transamerica Corp., D.C., 53 F.Supp. 625, 629.

■ The court agrees with the conclusion expressed in its brief by defendant that the record in the instant case made by the (unverified) amended complaint, defendant's motions and the affidavits (uncontroverted) submitted therewith, show that the time for which each of the plaintiffs asks compensation falls within the rule of de minimis. That rule is applicable in portal-to-portal cases and is applicable in the instant case. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; Anderson v. Mt. Clemens Pottery Co., D.C., 69 F.Supp. 710; Cameron v. Bendix Aviation Corp., D.C., 65 F.Supp. 510. There is here presented no genuine issue of material fact.

The court is of the opinion and so finds that defendant's motion for summary judgment should be, and it is, sustained.

Counsel may prepare and submit an order accordingly.

---

time for all departments except the Molding Department and the Plant Protection Department. In the Plant Protection Department the net figure is one-half minute and in the Molding Department the net figure is four minutes."