**PENTECOST et ux. v. TRAVELERS INS. CO. et al.**

**No. 12259.**

Court of Civil Appeals of Texas. Galveston.

April 12, 1951.

W. Jiles Roberts, of Houston, for appellant.

Stewart, Burgess & Morris, Sam W. Mintz and George W. Eddy, all of Houston, for appellees.

GRAVES, Justice.

This cause involves the title to Lot 25 in Block 2 West Lane Place, an addition in Harris County; Travelers Insurance Company was the holder of a mortgage against this property, which had been executed by appellants' predecessors in title, I. W. Thrasher and wife, and duly filed for record.

The mortgage, in the form of a note secured by a deed of trust, with the usual powers of foreclosure in the event of failure to make proper payments, was expressly assumed by the appellants in the deed to them from the Thrashers, hence they originally acquired it, burdened with the above-mentioned indebtedness.

Travelers Insurance Company, acting through its substitute-trustee, W. Cecil Sisson, offered the property for sale under a trustee's sale, on Tuesday, July 4, 1950, at the Courthouse door of Harris County, Texas, for the purpose of satisfying the mortgage indebtedness due against it. Appellants filed their original petition, seeking to set aside such substitute trustee's sale, on various and sundry grounds alleged in their original petition. Appellee, George W. Eddy, filed his original answer and motion for a summary judgment, together with an application for temporary injunction, pending a hearing on a final injunction.

Appellants filed plaintiffs' first amended original petition on August 16, 1950, alleging certain claimed grounds for setting aside such substitute trustee's sale, which had been held on July 4, 1950. They also seasonably filed the affidavit of W. M. Pentecost, in opposition to the motion for summary judgment.

On the 16th day of August, 1950, appellee George W. Eddy's motion for summary judgment, as well as the stated application for temporary injunction, were heard; the

Court, sitting without a jury, granted summary judgment in favor of appellee, insofar as concerned the portion of the suit relating to possession and title to the property, and further granted an injunction against appellants.

No findings of either sort were requested or filed by the Court, independent of its judgment, but it therein fully stated both the factual and the legal grounds of its judgment, in brief summary, as follows: (1) That the execution of the deed from the substitute trustee, conveying the land to appellee Eddy, and the payment of his full bid therefor by the latter at the trustee sale thereof to him, were all in strict compliance with the terms of the trust deed, by authority of which the sale had been held; (2) that "there was not so much as a suspicion of a conspiracy between Eddy and the substitute trustee to effect a sale of the property by the one to the other"; (3) that there was nothing said or done by the trustee or Eddy at any time that even tended to discourage or stifle bidding on the property at such sale; (4) "To the contrary, the Court finds that said sale was openly and fairly held by the said Substitute Trustee, and that the sale price was adequate, extinguished Plaintiffs' debt, and that there is no excess due to them. The Court further finds that Plaintiff W. M. Pentecost was present in person at said sale, and that at no time did he protest to the manner of holding same, or contend that it was in any respect irregular, that anything unfair was being done, or that any irregularities occurred then or before said sale."

The Court made extended further findings of both fact and law in support of the injunction it also granted against appellants in favor of the appellee Eddy, but, since that feature has not been stressed by either side upon appeal, it becomes unnecessary to further refer to it.

The appellants' second point of error, which so remains as their sole one, in substance, is this: "2. The Court was in error in granting the motion for summary judgment in favor of appellee and against plaintiffs or appellants insofar as it related to title and possession of the premises involved in the case for the reason that plaintiffs' first amended original petition stated a cause of action insofar as the setting aside of the Substitute Trustee's sale of July 4, 1950, was concerned, and upon these pleadings and affidavits as filed in the record plaintiffs or appellants were entitled to a trial on the merits of the same."

In the state of the record, it is determined that such presentment cannot be sustained; indeed, what must be regarded as the undisputed facts upon the controlling features of the cause are these:

On or about June 13, 1950, appellants Pentecost were notified by registered mail that notices of the sale of the property had been posted, and that the sale would be held as scheduled therein on Tuesday, July 4, 1950. Upon request of appellant W. N. Pentecost, the substitute trustee postponed the holding of the sale from shortly after 10:00 A.M. to 3:00 P.M. o'clock, to enable appellant to arrange for refinancing, or to procure a purchaser. Appellant W. N. Pentecost attended, and was present at the substitute trustee's sale. In addition to appellant Pentecost and W. Cecil Sisson, the substitute trustee, there were also present at said sale appellee George W. Eddy, a Mr. Shifflette, a Mr. Wells, and his attorney, George McGehee. About 3:15 o'clock, P.M., the substitute trustee, after reading the notice of sale, called for bids, whereupon, the sum of $11,000 was bid by Mr. Shifflette, acting as agent for Travelers Insurance Company, mortgagee. Thereafter appellee George W. Eddy made his bid for $11,100, and competition in bidding developed between appellee and the said Wells until the property was eventually struck off by the substitute trustee to appellee for $13,025. Appellant Pentecost was present during the entire time that the sale was held, and at no time did appellant object to the holding of said sale, nor did he make a bid in any amount whatever at any time during the conduct of said sale. The amount of the bid of the appellee George W. Eddy was paid in full to

the substitute trustee on the very next day following the substitute trustee's sale.

In other words, upon such a basis of fact, it would seem to this Court that the purpose of the summary judgment rule, as well as the scope of the proceedings thereunder, left the trial court no other course than to issue the order it did.

Rule 166–A, Texas Rules of Civil Procedure, Sections (c), and (e), provide, each in part, as follows:

Section (c): "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Section (e): "Supporting and opposing affidavits shall be made on personal knowledge, shall *set forth such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis added.)

A partial list of authorities exemplifying and applying these rules may be thus cited: Williams v. Kolb, 79 U.S.App.D.C. 253, 145 F.2d 344; Fletcher v. Krise, 73 App. D.C. 266, 120 F.2d 809, 812, certiorari denied 314 U.S. 608, 62 S.Ct. 88, 86 L.Ed. 489; Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209, 212; Koepke v. Fontecchio, 9 Cir., 177 F.2d 125, 127; Griffith v. William Penn Broadcasting Co., D.C.E.D.Pa., 4 F.R.D. 475; Wier v. Texas Co., D.C.W. D.La., 79 F.Supp. 299, affirmed 5 Cir., 180 F.2d 465; Dickheiser v. Pennsylvania R. Co., D.C.E.D.Pa., 5 F.R.D. 5, affirmed 3 Cir., 155 F.2d 266, certiorari denied 329 U.S. 808, 67 S.Ct. 620, 91 L.Ed. 689.

Obviously, under the rules applied in these authorities, appellants' cause, as the trial court held, consisting merely of conclusions and deductions of their own, and nothing else, could not have constituted any sufficient ground for the setting aside of the trustee sale here involved; especially since, in emphasis of what has been recited supra, the bid of appellee Eddy of

$13,025 had been paid in cash, at the time the trustee sale involved had been made.

Without further discussion, these conclusions require an affirmance of the judgment. It will be so ordered. Affirmed.