## LANE v. GREYHOUND CORP.

### No. 102.

United States District Court
E. D. Kentucky, Richmond.
Oct. 14, 1952.

James S. Chenault, Salem W. Moody, Charles R. Coy, Richmond, Ky., for plaintiff.

Stoll, Keenon & Park, R. W. Keenon, C. W. Swinford, Lexington, Ky., George T. Ross, Richmond, Ky., for defendant.

FORD, Chief Judge.

This is a damage suit for personal injuries alleged to have been sustained by the plaintiff as the result of the negligence of the defendant's agent in the operation of its motor bus.

The plaintiff charges that an alleged release from liability relied upon by defendant and described in Paragraph VIII of its answer "was procured by fraud, duress and coercion on the part of the defendant, acting through its agents, servants and employees."

The case is submitted upon defendant's motion for summary judgment in its favor on the ground that there is no genuine issue as to the material facts relative to the procurement of its release.

In support of its motion, the defendant relies solely upon the testimony of the plaintiff given by her deposition which was taken by defendant as on cross-examination and filed in the record.

■ The plaintiff has filed nothing which controverts the facts disclosed by the deposition. Neither unverified pleadings nor mere assertions of facts made by counsel in his brief are sufficient for that purpose. Wilkinson v. Powell, 5 Cir., 149 F.2d 335, 337; Crosby v. Oliver Corporation, D.C.S.D.Ohio, 9 F.R.D. 110, 112. In seeking summary judgment in its favor, however, the burden rests upon the moving party to show that, notwithstanding the formal issues presented by the pleadings, there is in reality no genuine issue as to the material facts involved.

■ We must bear in mind that, in passing upon a motion for summary judgment, it is no part of the court's function to decide issues of fact but only to determine whether there are such issues to be tried.

■ In considering the narrow question thus presented by a motion for summary judgment, the authorities seem to be unanimous in holding that the court should take the view most favorable to the party against whom the motion is directed, giving that party the benefit of all favorable inferences that may reasonably be drawn from the evidence, and resolving all doubts as to the existence of a genuine issue against the moving party. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101, 105, 106; National Labor Relations Board v. Weirton Steel Co., 3 Cir., 146 F.2d 144; Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167.

In Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135, 136, the Court of Appeals of the Second Circuit took occasion to suggest that trial judges exercise great care in granting motions for summary judgment, saying "A litigant has a right to a trial where there is the slightest doubt as to the facts".

It appears from plaintiff's deposition that at the time here in question she was under treatment in a hospital on account of her alleged injuries, and, in reference to her condition, she said: "I was so upset I didn't know what to do". (See answer to question 97.) And she further said: "What misled me to sign this release was because he (referring to the defendant's claim agent) told me all the evidence was our driver's fault and it wouldn't be no use to go see a lawyer because I wouldn't get anything * * *". (Answer to question 99.)

■ In the light of the above authorities, the deposition relied upon by defendant seems insufficient to sustain its contention that summary judgment in its favor is warranted by lack of genuine issues upon the material facts involved, and hence the motion for summary judgment should be denied. An order will be entered accordingly.