**UNITED STATES of America,**
Libellant,

v.

**373.70 CARATS OF CUT, POLISHED, ROUGH, AND CLEAVED DIAMONDS.**

**Misc. No. 1678.**

United States District Court
E. D. New York.

Feb. 21, 1957.

Arnold B. Elkind, New York City, for claimant.

Leonard P. Moore, U. S. Atty., Harry C. Fischer, Asst. U. S. Atty., Brooklyn, N. Y., for libellant.

RAYFIEL, District Judge.

On or about May 8, 1952 the Collector of Customs for the Tenth Collection District of the United States, seized 373.70 carats of cut, polished, rough and cleaved diamonds at the New York International (Idlewild) Airport, in Queens County, New York, in this District, and has since held and now holds the same in his custody and control.

On July 8, 1952 the Government filed its libel herein, praying for seizure of the said diamonds for forfeiture and condemnation under and by virtue of the provisions of Section 1497 of Title 19, and Section 545 of Title 18, of the United States Code.

It is the libelant's claim that the diamonds in question were unlawfully imported and brought into the United States of America from abroad in violation of the provisions of Section 1497 of Title 19, U.S.Code, in that one Charles Travitzky, from whom they were seized, had failed to declare them, and that by reason thereof the said diamonds are subject to forfeiture, and to the use of the United States of America.

On August 27, 1952 the said Charles Travitzky appeared herein and made claim that he is the true and lawful owner of the said diamonds.

The claimant has moved under Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment in his favor, dismissing the libel, and decreeing possession of the said diamonds to him. He states that in April, 1952 he left the United States for Europe, and before his departure left a bag containing the said diamonds with a Mr. Goldstein, a pawnbroker in Miami, Florida. He returned from abroad on May 6, 1952, entering this country at Key West, Florida, where he made true and accurate declarations, as required by law. He was given a thorough inspection by customs agents and cleared. He later called on the said Mr. Goldstein, who returned the diamonds which he had previously left in his care. He then placed the bag containing the said diamonds in a locker at the Miami Airport. Shortly thereafter he made a brief trip to Havana, Cuba, to collect a debt, and returned on May 8, 1952, entering the United States at Miami, Florida, where he again was thoroughly inspected by customs agents and cleared.

He contends that the diamonds in question are unidentifiable, and, hence, that his purchase records cannot be helpful in establishing the source from which he obtained them. He maintains, however, that his tax return for the year next preceding the seizure of the diamonds discloses an inventory of diamonds of the aggregate value of $22,-968.10, a value which he believes could reasonably be placed upon the diamonds involved in this action. He categorically denies that the diamonds in question were imported.

To prevail herein the Government must establish that the diamonds in question were unlawfully brought into the United States. A physical inspection of the diamonds will not show that they are of foreign origin.

On August 28, 1952 an indictment was filed against the claimant, charging him with concealing the said diamonds, knowing that they were brought into this country unlawfully. The trial, held between April 4 and April 11, 1955, resulted in a disagreement. Thereafter, on motion of the Government, the indictment was dismissed. Prior to the trial the defendant (claimant herein) moved for a bill of particulars, and the Government, in opposing the motion, submitted a memorandum wherein it stated that it did not charge the defendant with smuggling or with illegal importation of the diamonds, but, rather, with concealment and transportation thereof within the district after they had been illegally imported.

In reply to an interrogatory, dated October 4, 1956, requesting the libelant to state at which port the diamonds were imported, it answered "Miami *or* Key West" (emphasis added). The affidavit submitted by the Government in opposition to the motion contains no denial of the claims and statements contained in the affidavits of the claimant and his attorney. As a matter of fact, the affiant makes the positive statement that "the United States of America has no contradictory proof to present." The Government apparently contents itself with the argument that the "claimant does not have proof where he got the diamonds, which were seized," and *this*, it must be noted, despite the explanation thereof in great detail, contained in the supporting affidavits.

It may be that the Government relies on the fact that under Section 1615 of Title 19, U.S.Code, the burden of proof in an action for the forfeiture of merchandise lies upon the claimant,

but there are no facts in the instant case which bring it within the purview of Section 1615. Even if the provisions of Section 1615 were applicable herein, the Government has failed to show the "probable cause" required under said section as a condition of the assumption of the burden of proof by the claimant. As Judge Hincks said in the case of United States v. One Oldsmobile Club Coupe, etc., D.C., 33 F.Supp. 848, 849, referring to Section 1615 of Title 19, U.S.Code, "Its proviso must be construed as requiring a showing of probable cause for seizure and forfeiture under the customs laws, *including probable cause for the belief that the merchandise involved was imported.*" (Emphasis added.) This, I believe, the Government has failed to do.

Rule 56(c) supra, provides that the judgment sought hereunder "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

 "[M]ere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment." See Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469, 473, and cases therein cited.

In the case of Ortiz v. National Liberty Ins. Co. of America, D.C., 75 F.Supp. 550, 551, wherein the plaintiff, in opposing a motion for summary judgment, contended that the pleadings and plaintiff's statements were sufficient to defeat defendant's motion, Judge Chavez said: "With this contention the Court cannot agree. In Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809, the point was raised that on motion for summary judgment, the Court could only consider the case on plaintiff's complaint and should have ignored defendant's answer and exhibits. The Court overruled this contention, and held that such a conten-

tion was a misconception of the rule, and set out that the purpose of Rule 56, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, is to dispose of cases where there is no genuine issue of fact, even though an issue may be formally raised in the pleadings. The sufficiency of the allegations of the complaint do not determine a motion for summary judgment. Lindsey v. Leavy, 9 Cir., 149 F.2d 899." It should be noted, too, that the claimant boarded the plane in Miami, Florida, and the flight terminating in the seizure of the diamonds was a *domestic* flight.

Accordingly, the defendant's motion for summary judgment is granted.