**HOUSTON SHOE HOSPITAL et al.,**
**Appellants,**

**v.**

**STATE of Texas et al., Appellees.**

**No. 54.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 10, 1968.

Rehearing Denied Feb. 7, 1968.

Michael A. Henry, Thomas J. Lykos, Jackson, McCrory & Henry, Houston, for appellants.

Joe Resweber, County Atty., R. Cortez, Jr., Asst. County Atty., Houston, for appellees.

SAM D. JOHNSON, Justice.

Appellees, as plaintiffs, on March 24, 1964, filed their original petition for delinquent personal property taxes, penalties and interest, for the years 1961, 1962 and subsequent years. Appellant, Salvadore J. Maida, Mrs. Lena Maida and Houston Shoe Hospital, answered by way of general denial. Subsequently, on April 10, 1967, appellees filed a request for admissions under Rule 169 of the Texas Rules of Civil Procedure and on April 24, 1967, appellants filed their answers thereto.

In May, 1967, appellees filed their motion for summary judgment, with supporting affidavit and tax statements attached. Defendants then filed a controverting affidavit setting up the defenses of non-ownership of a part of the property assessed and alleging grossly excessive assessment. The trial court granted summary judgment for appellees and from such judgment defendants perfect their appeal.

Appellant contends that the trial court erred in granting summary judgment because their sworn statement of non-ownership of a portion of the property sought to be taxed made a genuine issue of a controlling defensive fact which they were entitled to prove in trial. Appellee concedes that a personal judgment against a defendant for delinquent taxes should not be granted unless the defendant is shown to have owned the property assessed against him. Appellee contends, however, that the appellants conclusively admitted ownership of the property assessed against them when, under Rule 169, T.R.C.P., they answered under oath the request for admissions and admitted ownership of the property in question, and further, as a result of this admission, that appellants could not later deny by affidavit that which they had previously admitted.

The pertinent inquiry in the request for admissions asked, "It is true, is it not, that Houston Shoe Hospital owned personal property described as Merchandise, Machinery and Office Furniture during the years 1961, 1962 and 1963?" Appellants' response was, "Defendants admit they owned the personal property therein described during the years 1961 to 1962. Further, they admit they owned said property up until October 28, 1963, from and after which date this property was owned by the Houston Shoe Hospital, Inc." The next inquiry asked, "It is true, is it not, that the personal property of Houston Shoe Hospital, described as Merchandise, Machinery and Office Furniture, was located within Harris County, Texas?" Appellants' responded, "Admitted."

Appellants' response to the request for admissions in no way qualified or restricted their admission of ownership to the property in question. Appellants' response was not limited to *part* of the property or *some* of the property, or a *portion* of the property in issue described therein.

In Thornell v. Equitable Life Assur. Soc. of U. S., 385 S.W.2d 716 (Tex.Civ.App. 1964), no writ history, the appellant answered a request for admissions by admitting certain facts. Subsequently, appellee filed motion for summary judgment whereupon appellant filed controverting affidavits which tended to contradict the admissions. Notwithstanding the controverting affidavits, the trial court granted summary judgment for appellee and on appeal, the Court of Civil Appeals, in affirming said, "A fact admitted in response to a request for admissions under Rule 169, T.R.C.P., if and when it becomes a part of the record is a judicial admission. * * * A judicial admission is one which as long as it remains in the case is a conclusive admission. * * * An admission made pursuant to Rule 169, T.R.C.P., is of a higher dignity than testimony; such an admission is the same as an admission made in the applicable pleadings of the party. Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, refused. An admission in pleadings cannot be contradicted by evidence until the pleading is withdrawn by amendment."

We are of the opinion that the response of the appellants admitted ownership of the property in question and that appellants could not later deny by controverting affidavit that to which they had already admitted by sworn answer. The rule of the Thornell case, supra, citing extensive authority, is determinative of this issue.

Appellants' second contention is that the trial court erred in granting summary judgment because their sworn statement that the assessed valuations bear no reasonable relation to the actual market value of the property and that such valuations were grossly excessive, made a genuine issue of a controlling defensive fact which appellants should be entitled to prove at trial. The response contained in defendants' controverting affidavit was, "I know not upon what basis the subject properties were assessed by plaintiff, but I do know of my own personal knowledge, that the assessments upon which plaintiffs' charges are based, bear no reasonable relation what-

ever to the actual market value of the properties situated in the various Houston Shoe Hospital locations for the years in suit, and are, in fact, so grossly excessive as to constitute a fraud upon these defendants and a confiscation of their property and violation of the constitution of the State of Texas."

Appellee contends that the quoted language of the affidavit merely sets forth conclusions and deductions and does not state facts showing that the tax on their property had been incorrectly assessed. Appellee further contends that the trial court properly granted summary judgment because the affidavit, without facts, was not sufficient to raise a fact issue.

Rule 166–A, Sec. (e), requires that opposing affidavits be "made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." and "shall show affirmatively that the affiant is competent to testify to the matters stated therein." The question that must be determined is whether the allegations in appellants' affidavit, viewed in their most favorable light, make out a justiciable fact issue entitling appellant to a trial on the merits. We believe that they do not.

Valuations will not be set aside merely upon a showing that the same are, in fact, excessive. State v. Houser, 138 Tex. 28, 156 S.W.2d 968. A reasonable discrepancy, even if it does exist, between the true value of the property and the value at which it is assessed for taxes, will be permitted to cover the difference in judgment as to the value of the property. Dallas County v. Dallas Nat. Bank, 142 Tex. 439, 179 S.W.2d 288, 289.

Here, appellants' opposing affidavit consists of conclusions and deductions of excessiveness and contains no *factual information* of any nature that would indicate that the tax had been incorrectly assessed. This is not sufficient. See Langford v. Langford, Tex.Civ.App., 337 S.W. 2d 181, no writ history, and Pentecost v.

Travelers Ins. Co., Tex.Civ.App., 238 S.W. 2d 978, no writ history. " * * * general statements in the nature of legal conclusions, not supported by factual statements, are not sufficient to raise a fact issue." Hutchinson v. City of Dallas, Tex.Civ.App., 290 S.W.2d 253, 257, no writ history. (citing numerous cases).

The judgment of the trial court is affirmed.